GOREE, APPELLANT, *v.* CUNNINGHAM, SHERIFF, APPELLEE.

[Cite as Goree *v.* Cunningham (1985), 18 Ohio St. 3d 160.]

(No. 85-274—Decided July 10, 1985.)

*John E. Shoop,* prosecuting attorney, and *Sharon L. O'Flaherty,* for appellee.

*Charles F. Cichocki,* assistant county public defender, for appellant.

*Per Curiam.* The first issue is whether the hearsay testimony of the investigating Georgia police officer as to identifications by six Georgia witnesses of appellant from a photographic line-up and the officer's in-court identification of appellant resulting therefrom were properly admitted at an extradition proceeding on the question of fugitivity (and the related issue of identification). Absent a showing, which was not present here, that such line-up photographs were untrustworthy or tainted, *i.e.,* by markings reflecting suspicion of prior criminal conduct, or a showing that the circumstances surrounding such out-of-court identifications constitutionally impaired the in-court identification, we hold that they were properly admitted.

*Michigan* v. *Doran* (1978), 439 U.S. 282, 287, articulates the purpose of the Extradition Clause, Clause 2 of Section 2, Article IV of the United States Constitution, as being to "preclude any state from becoming a sanctuary for fugitives from justice of another state and thus 'balkanize' the administration of criminal justice among the several states."

Here the Georgia police detective identified appellant as being in that demanding state on dates relevant in three counts of the Georgia indictment. That identification was concededly based on his presence at the photographic line-up which included defendant's photograph, and the detective so articulated. We hold such identification credible insofar as it relates to the question raised by appellant as to his fugitivity in an extradition proceeding. We note that the Ohio Rules of Evidence are explicitly inapplicable to extradition or rendition of fugitive proceedings. See Evid. R. 101(C)(3).

With respect to the second issue herein, *i.e.*, whether the absence of a copy of an arrest warrant from the demand documents of Georgia rendered such documents defective so as to preclude extradition, appellant relies on R.C. 2963.03. This statute provides that no demand for extradition be recognized unless the demand is in writing alleging "* * * that the accused was present in the demanding state at the time of the commission of the alleged crime, and that thereafter he fled from the state, and unless the demand is accompanied by:

"(A)  A copy of an indictment found or by information supported by affidavit in the state having jurisdiction of the crime, or by a copy of an affidavit made before a magistrate there, together with a copy of any warrant which was issued thereupon; * * *."

Paragraph one of the syllabus in *In re Rowe* (1981), 67 Ohio St. 2d 115 [21 O.O.3d 73], addresses extradition and provides that "* * * Clause 2 of Section 2, Article IV of the United States Constitution and implementing federal legislation, as such have been construed by the United States Supreme Court, are, where applicable, controlling and binding upon the courts of the state of Ohio."

Neither Clause 2 of Section 2, Article IV of the United States Constitution nor the relevant implementing federal legislation, Section 3182, Title 18, U.S. Code, requires that the demanding state furnish the asylum state with a copy of an arrest warrant. We therefore construe the last clause of R.C. 2963.03(A), *i.e.* "together with a copy of any warrant which was issued thereupon," as being directory only and, as such, compatible with controlling and applicable federal law. While appellant urges that such warrant is a necessary document to support extradition, the absence of such requirement from this implementing federal statute belies such claim.

For reason of the foregoing, the judgment of the court of appeals denying the writ and ordering appellee to proceed to transfer appellant to the appropriate Georgia officials is hereby affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.