In re Petition for Habeas Corpus for Terry.

(No. 9-87-31—Decided August 5, 1988.)

*Kenneth J. Rudy,* for appellant.
*Jim Slagle,* prosecuting attorney, for appellee.

*Per Curiam.* This is an appeal by Lendall B. Terry from a judgment of the Court of Common Pleas of Marion County denying a petition for a writ of habeas corpus.

The Governor of Ohio received a warrant and all the necessary papers and documents for an extradition proceeding from the Governor of Indiana concerning the petitioner.

Governor Celeste issued an arrest warrant or governor's warrant which was served on the petitioner. Thereafter the petitioner filed a petition for a writ of habeas corpus. A hearing was held on said petition and in a journal entry of July 23, 1987 the court denied the request for a writ of habeas corpus.

It is from this journal entry that the petitioner appeals asserting seven assignments of error. The first assignment of error is stated as follows:

"The trial court's denial of appellant's request for relief in the form of a writ of habeas corpus under the facts and circumstances of this case is a patent denial of appellant's federal and state constitutional rights, including the rights to due process of law and equal protection of the laws under the Constitution of Ohio in that the evidence received at trial rebutted the *prima facie* presumption of the validity of the governor's warrant which, therefore, was overcome by the manifest weight of the evidence."

The petitioner asserts that he was denied his constitutional rights since he presented sufficient evidence to rebut the presumption of the validity of the governor's warrant.

A governor's grant of extradition is *prima facie* evidence that the constitutional and statutory requirements have been met. *Michigan* v. *Doran* (1978), 439 U.S. 282, 289. After a governor's warrant has been issued a

court considering a release on a writ of habeas corpus is limited in its scope of review.

In *Michigan* v. *Doran, supra,* the United States Supreme Court determined that a court in the asylum state may inquire into only four areas. The court stated at 289:

"Once the governor has granted extradition, a court considering release on habeas corpus can do no more than decide (a) whether the extradition documents on their face are in order; (b) whether the petitioner has been charged with a crime in the demanding state; (c) whether the petitioner is the person named in the request for extradition; and (d) whether the petitioner is a fugitive. These are historic facts readily verifiable."

Two additional considerations have been added by the Ohio Supreme Court. In *State, ex rel. Gilpin,* v. *Stokes* (1984), 19 Ohio App. 3d 99, 101-102, 19 OBR 186, 188-189, 483 N.E. 2d 179, 182-183, the court stated:

"In decisions subsequent to *Michigan* v. *Doran, supra,* the Ohio Supreme Court added two considerations for the goverance of extradition in Ohio: a fifth issue to be considered by the court in the asylum state (whether the extradition is sought to enforce a civil liability), * * * [*In re Harris* (1959), 170 Ohio St. 151, 155, 10 O.O. 2d 99, 101, and *Carpenter* v. *Jamerson* (1982), 69 Ohio St. 2d 308, 310-311, 23 O.O. 3d 290, 292], and the requirement that the fugitive, if he or she asserts some invalidity of arrest under the governor's warrant, rebut its presumed validity by proof beyond a reasonable doubt. *In re Rowe* (1981), 67 Ohio St. 2d 115 [21 O.O. 3d 73]. * * *"

The only evidence presented at the hearing on the writ of habeas corpus was the testimony of the petitioner. The petitioner had the burden of rebutting the validity of the governor's warrant by proof beyond a reasonable doubt.

This cannot be done by testimony of the petitioner only. In *State, ex rel. Gilpin,* v. *Stokes, supra,* at 102, 19 OBR at 189, 483 N.E. 2d at 183, it is stated:

"* * * a petitioner's unsupported testimony on a factual issue is not sufficient to establish his version of the facts beyond a reasonable doubt. *Bradley* v. *Hickey* (1982), 70 Ohio St. 2d 277 [24 O.O. 3d 363]."

Further, the determination of the credibility of any witness testifying is a matter for the trier of fact, in this case the trial judge. Affidavits are not proper evidentiary matters and as such had no evidentiary weight. Essentially the evidence properly before the trial court was predicated mainly upon the testimony of the appellant and the court below did not give credence to this testimony.

Also, the petitioner presented evidence that went to the merits of the case concerning innocence or guilt and did not rebut the validity of the governor's warrant.

A hearing on a writ of habeas corpus is very limited in scope and may not focus on the merits of a case. In *Carpenter* v. *Jamerson* (1982), 69 Ohio St. 2d 308, 23 O.O. 3d 290, 432 N.E. 2d 177, the court stated in paragraph one of the syllabus:

"A proceeding in habeas corpus brought in an asylum state by a fugitive from justice arrested on a warrant of extradition is a summary proceeding and very limited in scope."

The court may not go into the merits of the case since it will be heard in the demanding state. In *Pacileo* v. *Walker* (1980), 449 U.S. 86, 88, the court stated:

" 'To allow plenary review in the asylum state of issues that can be fully litigated in the charging state would defeat the plain purposes of the sum-

mary and mandatory procedures authorized by Article IV, § 2.' "

Since the petitioner's only attempt at rebutting the validity of the governor's warrant was by challenging the merits of the case, he failed to present proof beyond a reasonable doubt that the warrant was invalid. Therefore, the first assignment of error is not well-taken.

The second assignment of error is stated as follows:

"The trial court erred in finding that the extradition documents on their face are in order."

The petitioner asserts that the extradition documents were invalid since the signature of the Governor of Indiana was by a rubber stamp.

Under *Michigan* v. *Doran, supra,* the standard of review is "whether the extradition documents on their face are in order." The documents received by the Governor of Ohio were authenticated by the Governor of Indiana with the stamped signature of that governor. They also included the signature of the Secretary of State and the seal of the state of Indiana.

According to the standard of review these documents appeared on their face to be authentic documents from the Governor of Indiana containing all the markings of official state documents.

When considering the stamped signature we can not assume that because the governor did not actually sign these documents that they are not authentic. In 64 American Jurisprudence 2d (1972) 230-231, Public Securities and Obligations, Section 191, it is stated:

"It has been held 'to sign' means to attach a name or cause it to be attached by any of the known methods of impressing the name on paper with the intention of signing it. In the absence of a statute prescribing the method of affixing a signature, it may be affixed in many different ways. It may be written by hand, and, generally, in the absence of a statute otherwise providing, it may be printed, *stamped,* typewritten, engraved, photographed, or cut from one instrument and attached to another. A signature lithographed on an instrument by a party may be sufficient for the purposes of signing it, and it has been held or recognized that *it is immaterial with what kind of instrument a signature is made. * * *"* (Emphasis added.)

The petitioner also contends that the extradition documents are invalid since there is no indictment or warrant and that there are inconsistencies within the papers concerning whether there is an indictment and warrant or an information and affidavit.

First, the indictment and warrant are attached to the extradition papers and they appear authentic on their face. Whether the indictment and warrant are not valid were not issues for the common pleas court to determine. That court is concerned with the documentation only.

Second, in Exhibit D there is an inconsistency whereby it is stated information and affidavit in one place and indictment and warrant at a subsequent place.

It is the opinion of this court that these documents appear valid on their face and this inconsistency is merely a clerical typographical error. Moreover, all of these arguments focus on the merits of the case and must be determined at a trial in the demanding state. Therefore the second assignment of error is overruled.

The third assignment of error is stated as follows:

"The trial court erred in finding that appellant has been charged with a crime in the demanding state."

Based on the indictment, which stated the Indiana statute which was

violated, and the warrant for the petitioner's arrest due to this violation, it appeared that the petitioner was in fact charged with a crime in the demanding state.

Also, Civ. R. 44.1(A)(3) allows the Ohio courts to take judicial notice of the laws of another state. Therefore, the indictment for a violation of an Indiana statute, along with an arrest warrant, were sufficient to show that the petitioner was charged with a crime in Indiana.

The petitioner also contends that the indictment was invalid since it was from a special grand jury which did not have the proper authority to act as a grand jury.

Once again these arguments pertain to the merits of the case for determination by the appropriate Indiana court, and could not be considered by the court below. The assignment of error is overruled.

The fourth assignment of error is stated as follows:

"The trial court erred in finding that appellant, by appearing before the trial court, admits that he is the person named in the request for extradition."

At the hearing the petitioner, along with counsel, never contested that he was not the person named in the extradition documents. In fact, petitioner's counsel admitted that his client was the person named in the indictment.

Also, petitioner and his counsel on whom the burden of proof rested contested the extradition procedures and did not attempt to prove that the petitioner was not the proper party; by implication the petitioner admitted he was the person named in the extradition documents. The fourth assignment of error is not well-taken.

The fifth assignment of error is stated as follows:

"The trial court erred in finding that appellant is a fugitive."

In an extradition proceeding the definition of "fugitive" is very broad. In 26 Ohio Jurisprudence 3d (1981) 341, Criminal Law, Section 598, it is stated:

"To constitute a fugitive from the justice of a state within the meaning of the United States Constitution, acts of Congress, and the Ohio statutes providing for the surrender of actual fugitives, it is not required that the person should have fled secretly or suddenly with the consciousness of having committed the offense, or hurriedly for the purpose of avoiding being apprehended under process of law. It is sufficient that being within the jurisdiction at the alleged time of the commission of the offense he has subsequently departed before a reasonable time for the prosecution shall have elapsed. This rule, recognized in Ohio, is in accord with the weight of authority."

According to this definition the petitioner was a fugitive and the trial court so held. Therefore the assignment of error is overruled.

The sixth assignment of error is stated as follows:

"The trial court erred in ignoring uncontradicted documentary proof in the record that extradition of appellant is sought by other than executive authority of Indiana to enforce a civil liability."

The petitioner asserts that a civil judgment for $7,658.34 was rendered against him on December 10, 1986 and that the extradition request of December 15, 1986 is to recover this judgment and is not for the crime charged in the indictment.

The petitioner's argument is contending *"post hoc, ergo propter hoc"*: after this, therefore because of this. Just because a judgment was rendered against the petitioner previous to the date of the indictment does not prove that the extradition is to enforce that civil liability.

Although a civil judgment may be outstanding against the petitioner, the court had an indictment charging forgery as the crime for which the extradition was sought. Such a charge does not *per se* result in the collection or enforcement of any civil judgment.

Upon the face of the documents the court could only interpret the indictment as charging a violation of the Indiana statute for forgery and not the civil judgment claimed by the petitioner. Therefore the assignment of error is not well-taken.

The next assignment of error is stated as follows:

"The denial of a writ of habeas corpus by the trial court was erroneous as contrary to the requirements and provisions of the Ohio Rules of Civil Procedure as set out in Rule 59(A)(1), (6), (7) and (8) which provisions are applicable in a habeas corpus proceeding and which were timely invoked in this case by a motion for a new trial."

Civ. R. 1 states in pertinent part:

"(C) Exceptions. These rules, to the extent that they would by their nature be clearly inapplicable, shall not apply to procedure * * * (7) in all other special statutory proceedings * * *."

A writ of habeas corpus is a statutorily granted remedy; the hearing on such writ is summary in nature and does not constitute a trial on the merits. Due to the summary nature of the hearing the Civil Rules are inapplicable.

In order for a new trial to be granted under Civ. R. 59 a previous trial must be had. In determining what constitutes a trial the court in *Brown* v. *Coffman* (1983), 13 Ohio App. 3d 168, 170, 13 OBR 203, 205, 468 N.E. 2d 790, 791, stated:

"An examination of the grounds for a new trial under Civ. R. 59(A) suggests that the drafters of the rule contemplated the term 'trial' in its conventional sense, that is, an adversary proceeding, including pleadings, opening statements, presentation of evidence, closing arguments, and submission to the court or jury for final determination. See, also, R.C. 2315.01."

Since a hearing on a writ of habeas corpus does not focus on the merits of the case or determine the innocence or guilt of the petitioner it is not considered a trial. Therefore if a previous trial was never had, a new trial under Civ. R. 59 cannot be granted. The assignment of error is overruled.

*Judgment affirmed.*

MILLER, P.J., COLE and EVANS, JJ., concur.