**In re Complaint for Habeas Corpus of BEVERLY.**

[Cite as *In re Complaint for Habeas Corpus
of Beverly* (1992), 75 Ohio App.3d 540.]

Court of Appeals of Ohio,
Clark County.

No. 2914.

Decided June 3, 1992.

*Don A. Little*, for petitioner.

*Kirk D. Ellis*, Assistant Prosecuting Attorney, for respondent Gene Kelly,
Sheriff.

FAIN, Presiding Judge.

This is a habeas corpus action brought by Charles Beverly. Beverly has
been charged in Virginia with grand larceny, in violation of Virginia Code

18.2–95. Virginia has obtained an order of extradition from the Governor of Ohio. In this action, Beverly tests the validity of the order to extradite him.

This matter was heard before this court on March 10, 1992, and has subsequently been briefed. Beverly has been released on bond pending the outcome of these proceedings.

Section 2, Article IV of the Constitution of the United States provides as follows:

"A Person charged in any State with Treason, Felony, or other Crime who shall flee from Justice and be found in another State shall on Demand of the executive Authority of the State from which he fled, be delivered up, to be removed to the State having Jurisdiction of the crime."

■ Beverly contends that he is not a fugitive for purposes of the application of this provision because he did not leave Virginia, the jurisdiction requesting extradition, before a reasonable time for prosecution had elapsed. There is evidence in our record to support Beverly's factual contention that Beverly returned to Virginia on two weekends after his alleged crime, under circumstances in which those persons who now complain of Beverly's conduct were aware of his presence and made no complaints.

In support of his proposition that he may not be deemed to be a fugitive because he did not leave Virginia before a reasonable time for prosecution had elapsed, Beverly relies upon *Johnson & Johnson v. Ammons* (Hamilton Cty. Dist. Ct.1879), 6 Ohio Dec.Rep. 747, and *In re Terry* (1988), 51 Ohio App.3d 133, 554 N.E.2d 1365. In neither case was there an issue concerning whether the person sought to be extradited had remained in the jurisdiction requesting extradition before a reasonable time for prosecution had elapsed. In *Johnson,* the court was confronted with an argument that Johnson had not fled to avoid prosecution, but had simply gone about his business, which took him to Ohio. In rejecting the petitioner's argument that he was not a "fugitive" for extradition purposes, the court stated in the syllabus that:

"To constitute a fugitive from the justice of a state, within the meaning of the constitution and act of congress providing for the surrender of such fugitives, it is not required that the person should have fled secretly or suddenly with the consciousness of having committed the offense, or hurriedly for the purpose of avoiding apprehended process of the law. It is sufficient that, being within the jurisdiction at the alleged time of the commission of the offense, he has subsequently departed before a reasonable time for prosecution shall have elapsed."

The requirement that the "fugitive" shall have departed the jurisdiction requesting extradition before a reasonable time for prosecution shall have

elapsed was not germane to any issue in *Johnson*. Nor does the opinion in *Johnson* reflect any thought concerning the imposition of this requirement. It appears to be pure dictum.

This dictum has found its way into 26 Ohio Jurisprudence 3d (1981) 341, Criminal Law, Section 598, in which the syllabus of *Johnson, supra,* has been inserted into the text, with an appropriate citation to *Johnson*. The text in 26 Ohio Jurisprudence 3d 341 has, in turn, been quoted in *In re Terry, supra,* 51 Ohio App.3d at 136, 554 N.E.2d at 1369. In *Terry*, however, as in *Johnson*, there was no issue concerning whether the "fugitive" had remained in the jurisdiction requesting extradition for a sufficient time for a prosecution to have commenced. Thus, the original dictum in *Johnson, supra,* appears to have persisted in *Terry*.

The Supreme Court of Ohio has addressed the issue of who is a "fugitive" for purposes of extradition, in *In re Rowe* (1981), 67 Ohio St.2d 115, 21 O.O.3d 73, 423 N.E.2d 167. As in the *Johnson* and *Terry* cases, there does not appear to have been an issue in *Rowe* as to whether the jurisdiction seeking extradition had had ample time to prosecute the individual before his departure from that jurisdiction. Thus, any guidance received from *Rowe* is also dictum, but it is at least dictum of the Ohio Supreme Court.

In *Rowe, supra,* it was stated at 119, 21 O.O.3d at 75, 423 N.E.2d at 170–171 that:

"For extradition purposes under the federal Constitution, a person charged within the demanding state of committing a crime prohibited by its laws and who thereafter has left that state, no matter for what purpose or under what belief, is a fugitive from justice."

The Ohio Supreme Court made the following observation in *Rowe, supra* at 118, 21 O.O.3d at 75, 423 N.E.2d at 170, concerning the purpose of the extradition clause:

"The purpose of the extradition clause and the limitation upon the judicial authority of the courts of the asylum state when relief is sought by habeas corpus after the issuance of governor's warrant is succinctly epitomized in *Michigan v. Doran* (1978), 439 U.S. 282 [99 S.Ct. 530, 58 L.Ed.2d 521], wherein the court at pages 287, 288–289 [99 S.Ct. at pages 534, 535–536, 58 L.Ed.2d at pages 526, 527–528] stated:

" 'The Extradition Clause was intended to enable each state to bring offenders to trial as swiftly as possible in the state where the alleged offense was committed. *Biddinger v. Commissioner of Police*, 245 U.S. 128, 132–133 [38 S.Ct. 41, 42–43, 62 L.Ed. 193, 197–198] (1917); *Appleyard v. Massachusetts*, 203 U.S. 222, 227 [27 S.Ct. 122, 123, 51 L.Ed. 161, 163] (1906). The

purpose of the Clause was to preclude any state from becoming a sanctuary for fugitives from justice of another state and thus "balkanize" the administration of criminal justice among the several states. \* \* \*' "

■ Given the evident purpose of the extradition clause, we conclude that it is immaterial whether the person whose extradition is sought left the jurisdiction seeking extradition before a prosecution could be commenced. Ohio has a criminal statute of limitations, and we presume that Virginia and many other states also have criminal statutes of limitations. These statutes of limitations embody whatever public policy exists in favor of requiring that a prosecution be commenced before recollections and other evidence become stale. We see no reason to include a similar limitation on the ability of a state to obtain the extradition of a person for the purpose of criminal prosecution. For purposes of extradition, a person is a "fugitive" if he is in one state while criminal charges are pending against him in another state.

In most of the states it has become a simple matter to commence a civil suit against someone who is outside the jurisdiction, assuming that the state in which the suit is brought has subject matter jurisdiction. It would seem incongruous that a person in Beverly's position could readily be sued in the courts of Virginia for a relatively minor tort despite the failure of the private plaintiff to commence the suit before the defendant's departure from the state, and yet that same defendant would be effectively immune from prosecution for even the most heinous of crimes because the prosecutor had the opportunity to commence the prosecution before the defendant's departure from the state, but failed to do so.

In our view, the purpose of the extradition clause is to make it possible for a state to prosecute an individual who is now in another state, for a crime allegedly committed in the first state, regardless of whether the first state might have had an opportunity to commence the prosecution before the individual's departure from that state. Otherwise, once a state has let slip an opportunity to prosecute an individual for a crime allegedly committed in that state, and that individual has come to be in another state, the first state shall have lost the opportunity to prosecute the individual regardless of the severity of the offense, and regardless of the reasonableness of the first state's failure to have commenced the prosecution while that individual was still in the first state.

We hold that it is immaterial whether the state of Virginia had an opportunity to commence a prosecution against Beverly before he left that state. Accordingly, Beverly's claim for habeas corpus relief fails.

The writ of habeas corpus previously granted herein is hereby vacated. This cause is hereby dismissed.

*So ordered.*

GRADY, J., concurs.