The **STATE** of Ohio, Appellee,

v.

**ADKINS, Appellant.**

[Cite as *State v. Adkins* (1992), 80 Ohio App.3d 817.]

Court of Appeals of Ohio,
Wayne County.

Nos. 2698, 2704.

Decided July 29, 1992.

818

*Martin H. Frantz* and *Christopher Greene,* Assistant Prosecuting Attorneys, for appellee.

*William Rickett,* for appellant.

---

QUILLIN, Judge.

Appellant, Roger Adkins, appeals both from the municipal court's order that Adkins be transported to Kentucky to face felony charges and from the denial of habeas relief by the court of common pleas. We affirm.

A warrant for Adkins's arrest on sexual abuse charges was issued in Floyd County, Kentucky, on July 19, 1991. The Wayne County, Ohio Sheriff's Department arrested Adkins in Wayne County and charged him with being a fugitive from justice pursuant to R.C. 2963.11. An extradition hearing was set for August 15, but because the extradition documents had not arrived, the hearing was continued for sixty days.

On October 11, the extradition hearing was held in the Wayne County Municipal Court. The court found the extradition documents to be in order. The court ordered Adkins to be returned to Floyd County, Kentucky, the following week unless he should file a petition for a writ of habeas corpus. On November 5, Adkins filed a petition for a writ of habeas corpus in the Wayne County Court of Common Pleas. Following a hearing on the issue, the court of common pleas denied the petition.

Adkins appeals, raising five assignments of error.

### Assignment of Error I

"The trial court erred as a matter of law by denying the appellant's petition for habeas corpus relief on the grounds that he had been held in confinement beyond the time allowed by the applicable statutes."

R.C. 2963.13 states in relevant part:

"If * * * it appears that the person * * * is the person charged with having committed the crime alleged and that he has fled from justice, the judge or magistrate must * * * commit him to the county jail for such a time, *not to exceed thirty days* * * * as will enable the arrest of the accused to be made under a warrant of the governor * * *." (Emphasis added.)

R.C. 2963.15 adds:

"If the accused * * * is not arrested under warrant of the governor by the expiration of the time specified in the warrant or bond, a judge or magistrate may discharge him or may recommit him for a further period *not to exceed sixty days* * * *." (Emphasis added.)

Adkins claims that he was held beyond the time limits provided by these statutes because he was not arrested under warrant of the Governor within thirty days. His argument focuses on the word "recommit" as it is used in R.C. 2963.15. Adkins contends that the additional sixty days provided by R.C. 2963.15 would only apply if he had been released from custody and then recommitted.

 Ohio courts have attached far less significance to this term. It has been held that the committing court may be deemed to have decided to "recommit" a person by failing to make any other disposition. *State v. Haynes* (1982), 8 Ohio App.3d 119, 123, 8 OBR 174, 178, 456 N.E.2d 1279, 1283; *In re Extradition of Stiver* (Dec. 6, 1989), Licking App. No. CA–3471, unreported, WL 154648; *State v. Lawson* (July 8, 1986), Miami App. No. 85–CA–45, unreported, 1986 WL 7771. In our case we have more. The municipal court ordered the case continued for sixty days. The first assignment of error is overruled.

### Assignment of Error II

"The trial court erred as a matter of law in the appellant's Habeas Corpus hearing by finding that he was a fugitive from justice."

Adkins was arrested in Wayne County and held for an extradition hearing pursuant to R.C. 2963.11. However, Adkins contends that his arrest was invalid, because he was not a "fugitive." Adkins asserts that when he left Kentucky, there were no charges pending against him. Adkins's argument is based solely on a dictionary definition of this term. However, this dictionary

definition of the term "fugitive" is not applicable here. In an extradition proceeding, "fugitive" is given a broad meaning:

" * * * It is definitively and conclusively settled that when interstate extradition is sought upon the basis that one has committed an offense in the demanding state and fled therefrom to an asylum state, federal law, both constitutional and statutory, insofar as it is applicable, is controlling. * * * Further, it is the duty of state courts to administer the federal law as construed by the United States Supreme Court." (Citation omitted.) *In re Rowe* (1981), 67 Ohio St.2d 115, 117, 21 O.O.3d 73, 74, 423 N.E.2d 167, 169.

■■■ A fugitive from justice is a person who (1) is suspected of or has been convicted of a crime, (2) is sought by the jurisdiction so that it may subject the person to its criminal justice system, and (3) has left the jurisdiction and is found within the boundaries of another. *Gee v. Kansas* (C.A. 10, 1990), 912 F.2d 414, 418; see, also, *Roberts v. Reilly* (1885), 116 U.S. 80, 97, 6 S.Ct. 291, 300, 29 L.Ed. 544, 549. Thus, all that is necessary to convert a state criminal into a fugitive from justice is that he left the state after having incurred guilt there. *Strassheim v. Daily* (1911), 221 U.S. 280, 285, 31 S.Ct. 558, 560, 55 L.Ed. 735, 738; *Gee, supra.* Guilt, itself, is not tried on habeas corpus. *Id.*

■■ There is no doubt that Adkins was a fugitive. Floyd County, Kentucky, had issued a warrant for his arrest on sexual abuse charges. This arrest warrant establishes that Adkins was suspected of committing a crime and that Floyd County sought to subject Adkins to its criminal justice system. Adkins left Floyd County, Kentucky, and was found in Wayne County, Ohio.

Both parties cite the case of *In re Terry* (1988), 51 Ohio App.3d 133, 554 N.E.2d 1365, which includes the following definition of "fugitive": A "fugitive" is one who was in the jurisdiction at the alleged time of the offense and that he subsequently departed before a reasonable time for prosecution had elapsed. *Id.* at 136, 554 N.E.2d at 1369. We do not agree with this definition, nor do we believe that it applies here. However, even under this definition, Adkins was a "fugitive."

Adkins does not dispute that he was in Floyd County, Kentucky, in March 1991 at the time of the alleged offense. He left Kentucky at about the same time, and returned for a one-day visit on June 28. His argument that he was not a "fugitive" is based solely on the fact that when he left Kentucky there was no outstanding warrant for his arrest. However, on July 19, 1991, Floyd County did issue a warrant for his arrest on sexual abuse charges. Adkins left Kentucky before having allowed reasonable time for prosecution. The second assignment of error is overruled.

### Assignment of Error III

"The trial court erred in denying Habeas Corpus relief to the appellant because the extradition documents on their face were not in order."

■ Adkins contends that the extradition documents are invalid because the Floyd County arrest warrant contains an illegible judge's signature, and the "original document" is not notarized.

The record contains only one arrest warrant, which includes notarization. Thus, the only alleged defect we are left to examine is the illegible judge's signature.

■ Adkins cites no authority to support his argument that this one alleged defect should invalidate the extradition documents. In fact, the Supreme Court of Ohio has concluded that even the absence of a copy of the arrest warrant from the demanding state will not render the extradition documents defective. *Goree v. Cunningham* (1985), 18 Ohio St.3d 160, 162, 18 OBR 217, 218, 480 N.E.2d 446, 448. The third assignment of error is overruled.

### Assignment of Error IV

"The trial court erred as a matter of law by placing the burden of proof and the burden of going forward in the hearing for habeas corpus relief on the defendant."

■ Adkins relies on R.C. 2901.05(A), which provides that every person accused of an offense is presumed innocent, and the burden of proving his guilt is on the prosecution. However, Adkins's reliance on this statute is misplaced. Neither the extradition hearing nor the habeas corpus proceeding involved any determination of Adkins's guilt. See *In re Rowe* (1981), 67 Ohio St.2d 115, 120, 21 O.O.3d 73, 76, 423 N.E.2d 167, 171. Instead, the limited focus of these proceedings was the legality of the arrest and extradition of Adkins. In the habeas corpus proceeding, it was Adkins who was challenging the legality of his arrest. Thus, he had the burden of rebutting the presumed validity of the Governor's extradition warrant by proof beyond a reasonable doubt. *In re Terry, supra,* 51 Ohio App.3d at 134, 554 N.E.2d at 1367. The fourth assignment of error is overruled.

### Assignment of Error V

"The appellant was denied his constitutional right to effective assistance of counsel guaranteed by the Sixth Amendment, United States Constitution."

To establish ineffective assistance of counsel, Adkins must demonstrate that his counsel made serious errors, and that he was prejudiced by his counsel's deficient performance. *Strickland v. Washington* (1984), 466 U.S.

668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693. Adkins has failed to make either showing in this case.

Adkins claims that his attorney failed to effectively represent him because she failed to raise the issues he now raises in his first and third assignments of error. As we have explained, these arguments are without merit. Thus, his counsel's failure to raise these issues did not constitute ineffective assistance. The fifth assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

BAIRD, P.J., and CACIOPPO, J., concur.