ORIGINAL ACTION JOURNAL ENTRY AND OPINION
{¶ 1} Petitioner, Henry Soltau, the defendant in Cuyahoga County Court of Common Pleas Case No. CR-448612, is charged with two counts of drug trafficking[1] and one count each of possession of drugs[2] and possession of criminal tools.[3] Judge Kenneth Callahan retained the recommendation of the Bond Commissioner to set his bail at $250,000 and denied Soltau's motion to modify the bond.
 {¶ 2} Soltau filed this action in habeas corpus claiming that the amount of the bond is excessive. The judges moved to dismiss arguing that the amount of the bond is not excessive, and Soltau has not responded to the motion to dismiss.
 {¶ 3} A review of the docket in Case No. CR-448612 reflects that Soltau posted a surety bond in the amount of $250,000 on June 12, 2004, and, because he is no longer in custody, this action in habeas corpus is moot.
 {¶ 4} Additionally, the petition manifests numerous defects. The caption of this case is "State v. Soltau." Failure to name a respondent[4] as well as to provide the addresses for the parties[5] are grounds for dismissal.
 {¶ 5} The petition is defective on another ground.
{¶ 6} "* * * Additionally, relator `did not file an R.C.2969.25(A) affidavit describing each civil action or appeal of acivil action he had filed in the previous five years in any stateor federal court and also did not file an R.C. 2969.25(C)certified statement by his prison cashier setting forth thebalance in his private account for each of the preceding sixmonths.' State ex rel. Hunter v. Cuyahoga Cty. Court of CommonPleas (2000), 88 Ohio St.3d 176, 177, 724 N.E.2d 420,421."[6]
 {¶ 7} Likewise, in this action, Soltau has failed to support his complaint with the requisite affidavit and supporting information, which is another basis for dismissing this action.[7]
 {¶ 8} Similarly, Soltau has not complied with Loc.App.R. 45(B)(1)(a) which requires that petition in original actions be supported by an affidavit from the plaintiff or relator specifying the details of the claim. In the Verification of Petition accompanying the petition, Soltau avers "that the facts and allegations made herein are true as I verily believe, to the best of my knowledge, information and belief." Soltau's averment does not specify the facts and is not sufficient to satisfy the requirement of Loc.App.R. 45(B)(1)(a) that the affidavit supporting the petition specify the details of the claim. "The absence of facts specifying the details of the claim required by Loc.App.R. 45(B)(1)(a) is a ground for dismissal."[8]
 {¶ 9} We grant the judge's motion to dismiss. Soltau to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Writ dismissed.
Corrigan, A.J., concurs.
 Dyke, J., concurs.
[1] (R.C. 2925.03).
[2] (R.C. 2925.11).
[3] (R.C. 2923.24).
[4] State ex rel. Price v. Court of Common Pleas (Aug. 20, 1998), Cuyahoga App. No. 74793.
[5] Wilson v. Kochevar, Cuyahoga App. No. 84516,2004-Ohio-2984, ¶ 3 [citing Civ.R. 10(A)].
[6] State ex rel. Bristow v. Sidoti (Dec. 1, 2000), Cuyahoga App. No. 78708, at 3-4.
[7] State ex rel. Perotti v. McFaul, Cuyahoga App. No. 83622, 2004-Ohio-491, at ¶ 8 (dismissing a petition in habeas corpus).
[8] State ex rel. Sansom v. Wilkinson, Cuyahoga App. No. 80743, 2002 Ohio 1385, at 7.