[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION AND ENTRY
{¶ 1} This is a habeas corpus action brought by Petitioner, George T. McKinney. On March 20, 1991, Petitioner entered a plea of guilty, in the State of Missouri, to possession of a controlled substance. Petitioner's five-year sentence was suspended, and he was permitted to return to his resident state of Ohio to serve his probation. At some time after Petitioner returned to Ohio, the State of Missouri issued a warrant for his arrest for a probation violation. The Petitioner was arrested, here in Ohio, pursuant to a fugitive warrant from the State of Missouri, on October 27, 2005. Although initially released upon the posting of a $5,000 bond, Petitioner appeared before the trial court on January 26, 2006, and at that time was ordered detained upon the trial court's order setting "No Bond." The trial court ordered that Petitioner be brought before the trial court again on February 9, 2006.
 {¶ 2} On February 9, 2006, the Petitioner filed with this Court a petition for a writ of habeas corpus. Petitioner asserts that the State of Missouri no longer has jurisdiction over him, and therefore the State of Ohio is precluded from detaining him or extraditing him to the State of Missouri. Presently before this Court is a motion to dismiss the petition, filed by the Respondent, Dave Vore, Sheriff of Montgomery County, on February 15, 2006.
 {¶ 3} Respondent asserts the petition should be dismissed because: (1) the petition is not verified pursuant to R.C.2725.04; (2) the commitment papers are not attached to the petition; (3) the Petitioner has failed to state with particularity the extraordinary circumstances that entitle him to habeas corpus relief; and (4) R.C. 2963.09 gives petitioner an adequate remedy at law. Upon this Court's review of Respondent's arguments we find them not well-taken, and must deny the motion to dismiss.
 {¶ 4} Respondent first asserts that, pursuant to R.C.2725.04, the petition should be dismissed because it has not been verified. R.C. 2725.04 provides, in part, that an "[a]pplication for the writ of habeas corpus shall be by petition, signed andverified, either by the party for whose relief it is intended, or by some person for him . . ." (Emphasis added). Respondent asserts that the petition has not been signed by the Petitioner. However, this Court has reviewed the original petition filed with the clerk of courts and it is signed and verified by the petitioner. Thus, Respondent's first argument is without merit.
 {¶ 5} Second, Respondent asserts that the petition should be dismissed because the Petitioner has failed to attach the commitment papers to the petition. The failure of a petitioner to attach the papers, which cause the commitment that is being challenged, is fatal to a petition for a writ of habeas corpus.See e.g., State ex rel. Bray v. Brigano (2001),93 Ohio St.3d 458, 2001-Ohio-1587.
 {¶ 6} The Petitioner has included both the governor's warrant from the State of Missouri, and the governor's warrant from Ohio. The Petitioner was initially detained, and released on bond, pursuant to an outstanding fugitive warrant. It is the Ohio governor's warrant, however, which ordered the Petitioner arrested, detained and brought before a judge of a court of record. Further, it was only after the issuance of the Ohio governor's warrant that the trial court judge ordered the Petitioner detained without bond. Thus, we conclude that the Ohio governor's warrant is the "commitment paper" for the purpose of Petitioner's present detention. Accordingly, as the Petitioner has included the Ohio governor's warrant with his petition, Respondent's second argument is without merit.
 {¶ 7} Third, Respondent asserts that the petition should be dismissed because the Petitioner has failed to state, with particularity, the extraordinary circumstances that entitle him to habeas corpus relief. The failure to state with particularity the circumstances entitling the petitioner to habeas corpus relief may result in dismissal of the petition. See Chari v.Vore (2001), 91 Ohio St.3d 323, 2001-Ohio-49.
 {¶ 8} We disagree with Respondent's assertion, however, that Petitioner has failed to plead with particularity the circumstances entitling him to habeas corpus relief. The Petitioner specifically asserts that the State of Missouri no longer has jurisdiction over him, and therefore the State of Ohio may not detain him in order to extradite him to Missouri. Although we do not pass judgment on the merits of Petitioner's claims at this time, we do conclude that his contentions are sufficient to survive a motion to dismiss. Thus, Respondent's third argument is not well taken.
 {¶ 9} Finally, Respondent asserts that the Petitioner has an adequate remedy at law pursuant to R.C. 2963.09, and thus he is not entitled to the writ of habeas corpus. R.C. 2963.09 requires a mandatory hearing, before a judge of a court of record in Ohio, before any person who is arrested on an extradition warrant is delivered over to the demanding authority. Further, the statute provides that "[i]f the prisoner or his counsel desires to test the legality of his arrest, the judge shall fix a reasonable time to be allowed him within which to apply for a writ of habeas corpus." The statute does not specify the court with which the prisoner must file his petition.
 {¶ 10} Although the habeas petition in extradition cases is often filed in the trial court, there is no specific statutory requirement that the petition for a writ of habeas corpus may only be filed with the trial court. The Ohio Supreme Court, the courts of appeals and the trial courts all have concurrent original jurisdiction in habeas corpus proceedings. See Ohio Constitution Article IV-2(B)(1)(c); Ohio Constitution Article IV-3(B)(1)(c); R.C. 2725.02. Thus, a prisoner may file his or her petition for a writ of habeas corpus in an extradition case in the Ohio Supreme Court, a court of appeals of the appropriate district, or the trial court. See e.g., In re Complaint forHabeas Corpus of Beverly (1992), 75 Ohio App.3d 540 (wherein we initially granted a writ of habeas corpus in an extradition case that had been filed in the first instance with our Court). Furthermore, the Ohio Supreme Court has stated that a court may not choose to decline its original jurisdiction in a properly brought habeas proceeding. Hughes v. Scaffide (1978),53 Ohio St.3d 85 syllabus. Accordingly, because the Petitioner has properly invoked our original jurisdiction in this case, his adequate remedy at law is with this Court, and Respondent's fourth argument is without merit.
 {¶ 11} We note, however, that the hearing in a habeas corpus proceeding, brought by a fugitive in an asylum state, is a summary proceeding and very limited in scope. Carpenter v.Jamerson (1982), 69 Ohio St.2d 308. Ohio courts are limited to considering only: (1) whether the extradition documents on their face are in order; (2) whether the petitioner has been charged with a crime in the demanding state; (3) whether the petitioner is the person named in the request for extradition; (4) whether the petitioner is a fugitive; (5) whether the extradition is sought to enforce civil liability; and (6) if the fugitive asserts some invalidity of arrest under the governor's warrant, then he must rebut its presumed validity by proof beyond a reasonable doubt. In re Petition for Habeas Corpus for Terry
(1988), 51 Ohio App.3d 133, 134.
 {¶ 12} In sum, upon our review of the motion to dismiss we conclude that the Petitioner has properly invoked our jurisdiction, and thus the motion to dismiss is DENIED. By separate entry, the Court will issue the writ of habeas corpus, which will require the Respondent to produce the body of the Petitioner at a hearing before this Court on March 1, 2006, at 1:30 P.M.
SO ORDERED.
Thomas J. Grady, Presiding Judge.
William H. Wolff, Jr., Judge.
Mike Fain, Judge.