[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION AND FINAL JUDGMENT ENTRY
{¶ 1} Petitioner, George T. McKinney, filed a petition for a writ of habeas corpus on February 9, 2006. McKinney was charged in Missouri on March 20, 1991, with possession of a controlled substance. Although permitted to serve a period of probation in Ohio, the State of Missouri, on January 21, 1992, suspended McKinney's probation and issued a capias warrant for his arrest. McKinney was arrested in Ohio on October 27, 2005, pursuant to a fugitive warrant. Subsequently, Missouri obtained an order of extradition from the governor of Ohio.
 {¶ 2} McKinney filed his petition for a writ of habeas corpus to challenge the order to extradite him. On February 15, 2006, Respondent, Sheriff Dave Vore, filed a motion to dismiss the petition. We denied Respondent's motion on February 22, 2006, and also issued the writ of habeas corpus and ordered that McKinney be brought before us on March 1, 2006. After hearing from both Petitioner and Respondent, we conclude that McKinney is not being illegally detained and the order of extradition is valid.
 {¶ 3} The hearing in a habeas corpus proceeding, brought by a fugitive in an asylum state, is a summary proceeding and limited in scope. Carpenter v. Jamerson (1982), 69 Ohio St.2d 308. Ohio courts are limited to considering only: (1) whether the extradition documents on their face are in order; (2) whether the petitioner has been charged with a crime in the demanding state; (3) whether the petitioner is the person named in the request for extradition; (4) whether the petitioner is a fugitive; (5) whether the extradition is sought to enforce civil liability; and (6) if the fugitive asserts some invalidity of arrest under the governor's warrant, then he must rebut its presumed validity by proof beyond a reasonable doubt. In re Petition for HabeasCorpus for Terry (1988), 51 Ohio App.3d 133, 134.
 {¶ 4} At the hearing both Petitioner and Respondent stipulated to the authenticity of the documents attached to the petition for a writ of habeas corpus. These documents included the documents necessary to extradite Petitioner to Missouri. The originals were examined by this Court and copies admitted into evidence. Petitioner did not challenge the validity of the extradition documents, and upon this Court's review we determined that they were all properly certified and authenticated. Additionally, Petitioner did not challenge that he had been charged with a crime in another state, did not challenge that he was the person named in the request for extradition, did not challenge that he was a fugitive and did not assert that the extradition was sought to enforce civil liability.
 {¶ 5} Petitioner McKinney's only contentions are that his constitutional rights could be violated if he is sent to Missouri for trial, and that, on the merits of the probation violation charged, Missouri no longer has jurisdiction over him because more than five years have elapsed since Missouri's imposition of a five year probation period.
 {¶ 6} Petitioner's contentions, however, are outside the scope of the issues presented by his petition. An Ohio court may not consider whether a petitioner's constitutional rights are likely to be violated if he is extradited to another state.State ex rel. Toht v. McClure (1950), 87 Ohio App. 520. In a hearing on a writ of habeas corpus, the reviewing court may not focus on the merits of the case. In re Terry, 51 Ohio App.3d at syllabus paragraph 2. Whether prosecution is barred because too much time has elapsed since the occurrence of the crime is a matter for the state to which the petitioner is to be extradited.Cf. In re Complaint for Habeas Corpus of Beverly (1992),75 Ohio App.3d 540, 543 (stating that other states have statutes of limitations which prevent prosecution if too much time has elapsed).
 {¶ 7} Wherefore, Petitioner McKinney has failed to raise any errors which we are permitted to consider in a habeas extradition hearing, McKinney's habeas relief must fail. Accordingly, the relief Petitioner seeks is DENIED and this cause is DISMISSED.
SO ORDERED.
Thomas J. Grady, Presiding Judge.
William H. Wolff, Jr., Judge.
Mike Fain, Judge.