OPINION AND JOURNAL ENTRY
{¶ 1} Petitioner, Kirk Waters, has filed a petition for writ of habeas corpus with this Court. Petitioner was sentenced in 2002 in both Butler and Clermont counties on various charges related to his unlawful sexual relationship with a thirteen-year old girl. Petitioner alleges that Butler County did not have jurisdiction over his case due to improper extradition proceedings. Respondent has filed a motion to dismiss, arguing that Petitioner has failed to satisfy the statutory requirements for filing a writ of habeas corpus and has failed to allege facts for which relief in habeas corpus may be granted. For reasons more fully explained below, this petition for writ of habeas corpus is dismissed.
 {¶ 2} On February 6, 2002, Petitioner was indicted in Clermont County on twenty counts of rape and unlawful sexual conduct with a minor. Petitioner was extradited from Kentucky to Clermont County to face those charges. On April 17, 2002, he was indicted in Butler County on seven counts of unlawful sexual conduct with a minor, sexual battery, and interference with custody. On October 10, 2002, Petitioner was convicted by a jury in the Butler County case of three counts of unlawful sexual contact with a minor, two counts of sexual battery and two counts of interference with custody, and was sentenced to ten years and eleven months in prison. On October 23, 2002, Petitioner pleaded guilty in the Clermont County case to four counts of unlawful sexual contact with a minor, and was sentenced to four years in prison, to be served consecutively to the sentence in the Butler County case. Petitioner admits in his petition that he had an ongoing sexual relationship with a 13-
-2-year old girl, and that the aforementioned convictions stem from that unlawful relationship.
 {¶ 3} Petitioner is now being held in the Noble Correctional Institution in Noble County. He filed his petition for writ of habeas corpus on September 13, 2006. On December 5, 2006, he filed a list of the various civil actions he initiated within the past five years. On October 27, 2006, Respondent filed a motion to dismiss, which we are now ruling upon.
 {¶ 4} Petitioner contends that Butler County did not have jurisdiction over him because he was not properly extradited. We cannot reach this issue because Petitioner has failed to satisfy the prerequisites for filing a petition for writ of habeas corpus contained in R.C. § 2725.04, which states:
 {¶ 5} "Application for the writ of habeas corpus shall be by petition, signed and verified either by the party for whose relief it is intended, or by some person for him, and shall specify:
 {¶ 6} "(A) That the person in whose behalf the application is made is imprisoned, or restrained of his liberty;
 {¶ 7} "(B) The officer, or name of the person by whom the prisoner is so confined or restrained; or, if both are unknown or uncertain, such officer or person may be described by an assumed appellation and the person who is served with the writ is deemed the person intended;
 {¶ 8} "(C) The place where the prisoner is so imprisoned or restrained, if known;
 {¶ 9} "(D) A copy of the commitment or cause of detention of such person shall be exhibited, if it can be procured without impairing the efficiency of the remedy; or, if the imprisonment or detention is without legal authority, such fact must appear."
 {¶ 10} Petitioner failed to properly verify his petition for writ of habeas corpus. "Verification" signifies a formal declaration made in the presence of an authorized officer, such as a notary public, by which one swears to the truth of the statements in the document. Chari v.Vore (2001), 91 Ohio St.3d 323, 327, 744 N.E.2d 763. The petition contains no indication that it was sworn to in the presence of an appropriate officer. Failure to adhere to the verification requirements of R.C § 2725.04 requires us to dismiss the petition. State ex rel.Ranzy v. Coyle (1998), 81 Ohio St.3d 109, 689 N.E.2d 563.
 {¶ 11} Furthermore, Petitioner failed to attach to his petition an affidavit that contains a description of the civil actions filed by him in the past five years, as required by R.C. § 2969.25(A): "At the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court." Although Petitioner attempted to amend his petition to include this information, the statute required him to file the affidavit at the time he filed his petition for writ of habeas corpus. Failure to file the affidavit described in R.C. § 2969.25 at the same time as the petition for writ of habeas corpus is filed provides grounds for dismissal of the petition. Fuqua v. Williams, 100 Ohio St.3d 211,2003-Ohio-5533, 797 N.E.2d 982.
 {¶ 12} Even if we were to entertain the issue presented by this petition, we would be compelled to dismiss it. Petitioner's argument is based on a claim of illegal extradition. His argument is that he was extradited from Kentucky based on charges pending in Clermont County, and that Butler County was required to perform its own extradition proceedings in order to obtain proper jurisdiction. The Ohio Supreme Court has held that a "claim of illegal extradition does not state a claim in habeas corpus[.]" Smith v. Jago (1979), 58 Ohio St.2d 298, 298,389 N.E.2d 1138. In addition, R.C. § 2963.26 states that: "A person returned to this state by, or after waiver of, extradition proceedings, may be tried in this state for other crimes which he may be charged with having committed here, as well as that specified in the requisition for his extradition."
 {¶ 13} It is apparent that Petitioner does not state a claim for which relief may be granted, and has failed to satisfy the procedural requirements for filing a petition for writ of habeas corpus. For the aforementioned reasons, we sustain Respondent's motion and dismiss this petition for writ of habeas corpus.
Waite, J., concurs.
Donofrio, J., concurs.
Vukovich, J., concurs.