DECISION AND JUDGMENT ENTRY
{¶ 1} This matter is before the court on a "Verified Complaint and Petition for Writ of Habeas Corpus with Praecipe" filed by petitioner, Kenneth D. Collins, on January 16, 2007. Petitioner asks this court to issue the writ because he "is presently illegally detained" by respondent, Erie County Sheriff Terry Lyons, pending his extradition to the state of Kentucky. The relevant facts, as stated in petitioner's complaint and attached documents, are as follows. *Page 2 
 {¶ 2} On March 28, 2002, a complaint was filed in the Sandusky County Court of Common Pleas, Juvenile Division, on behalf of Jessica B., the mother of petitioner's daughter, Kendra C. At the time the complaint was filed, mother and daughter were residents of the state of Kentucky, and petitioner was a resident of Sandusky County, Ohio. On November 20, 2002, the juvenile court filed a judgment entry which established paternity, allocated the parties' parental rights and responsibilities, and ordered petitioner to pay $444.61 per month in child support. The support order was retroactive to March 28, 2002, the day the complaint was filed.
 {¶ 3} On October 10, 2006, a Kentucky grand jury charged petitioner with the crime of "flagrant non support", after finding that petitioner failed to pay child support for more than six months, in an amount exceeding $1,000. A warrant for petitioner's arrest was issued that same day by the 31st Judicial District Floyd Circuit Court of the Commonwealth of Kentucky. Petitioner was arrested and placed in respondent's custody in Erie County, Ohio, where petitioner states he is detained, awaiting extradition to Kentucky.
 {¶ 4} On January 8, 2007, a habeas corpus hearing was held in the Erie County Court of Common Pleas, at petitioner's request, pursuant to R.C.2963.09. Petitioner alleges that, at the hearing, the trial court addressed the issue of petitioner's identity, but refused to allow petitioner to "proffer" any evidence as to whether or not he should be extradited to Kentucky. No transcript of the lower court's proceedings is available to this court; however, petitioner states the trial court gave him additional time to file a motion *Page 3 
asking the court to consider his "proffer"[1] before making a final decision as to his extradition. Attached to the complaint is a "Verification of Petition for Habeas Corpus" signed by petitioner's attorney on his behalf, along with copies of the Kentucky arrest warrant and indictment, the complaint filed in the Sandusky County Juvenile Court on March 28, 2002, and the juvenile court's judgment entry filed on November 22, 2002.
 {¶ 5} We note at the outset that petitioner has not filed an affidavit describing each civil action or appeal of a civil action he has filed in the previous five years, as required by R.C. 2969.25(A). Such a deficiency is sufficient to justify dismissal of a petition for a writ of habeas corpus. State v. Soltau, 8th Dist. No. 84671, 2004-Ohio-4232, ¶ 6;Waters v. Wolfe, 7th Dist. No. 06 NO 336, 2007-Ohio-358, ¶ 11. However, even if petitioner had filed the requisite affidavit, the petition is denied, for the following reasons.
 {¶ 6} R.C. 2725.01 states:
 {¶ 7} "Whoever is unlawfully restrained of his liberty, or entitled to the custody of another, of which custody such person is unlawfully deprived, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment, restraint, or deprivation." Pursuant to R.C.2963.09, after being arrested on a warrant for extradition to another state, a prisoner may apply for a writ of habeas corpus. *Page 4 
 {¶ 8} Ohio courts have held that "[a] hearing on a writ of habeas corpus is very limited in scope and may not focus on the merits of the case." Cole v. Johnston (Dec. 10, 1993), 11th Dist. No. 93-A-1788, citing In re Terry (1988), 51 Ohio App.3d 133, paragraph two of the syllabus. Courts considering the habeas corpus petition of a person arrested on a warrant of extradition are limited to determining: "(1) whether the extradition documents on their face are in order, (2) whether the petitioner has been charged with a crime in the demanding state, (3) whether the petitioner is the person named in the request for extradition, (4) whether the petitioner is a fugitive, (5) whether the extradition is to enforce a civil liability, and (6) whether the petitioner, if he or she asserts some invalidity of arrest under the governor's warrant, rebuts its presumed validity by proof beyond a reasonable doubt." Cole, supra, citing In re Terry, supra, paragraph one of the syllabus.
 {¶ 9} Petitioner acknowledges that the trial court held a hearing on his original habeas corpus petition pursuant to R.C. 2963.09. However, petitioner now argues that he is entitled to habeas corpus relief in this court because his due process rights were violated by the trial court. Specifically, petitioner argues that the trial court ignored evidence that he did not commit a crime in Kentucky, and refused to allow him to proffer evidence as to "prongs 1, 4 and 5" of the test set forth in In re Terry, supra. We disagree, for the following reasons.
 {¶ 10} In extradition proceedings, an action in habeas corpus is considered a collateral remedy, which is "independent of the legal proceeding under which the *Page 5 
detention is sought to be justified." Littleton v. Ginter (Aug. 8, 1985), 6th Dist. Nos. WD-85-71, WD-85-72, citing In re Cattell (1945),146 Ohio St. 112, 117. The granting or denial of a writ of habeas corpus in such cases may be appealed. Ruther v. Sweeney (App. 1956), 75 Ohio Law Abs. 385, 387. See, also, R.C. 2725.26 ("[Proceedings upon a writ of habeas corpus * * * may be reviewed on appeal as in other cases."). Accordingly, it is well-established that "`habeas corpus is not a substitute for appeal and does not provide a remedy for errors or irregularities that may be addressed on appeal.'" State v. Addison, 8th Dist. No. 89273, 2007-Ohio-154, ¶ 5, citing State ex rel. Moore v. OhioAdult Parole Auth, Cuyahoga App. No. 81757, 2003-Ohio-1844.
 {¶ 11} On consideration, we find that petitioner is, essentially, seeking a writ of habeas corpus in this court because his request for such relief in the trial court was unsuccessful. However, regardless of the grounds on which his request for habeas corpus relief is based, the fact remains that, as a matter of law, those issues can only be raised by petitioner in a direct appeal. Accordingly, they cannot be presented to this court in a habeas corpus action.
 {¶ 12} Petitioner's request for a writ of habeas corpus is not well-taken and is denied. Petition dismissed at petitioner's costs.
WRIT DENIED.
Peter M. Handwork, J., Arlene Singer, J., Thomas J. Osowik, J. CONCUR.
[1] Petitioner, through counsel, states that, at the time this complaint was filed, a transcript of the January 8, 2007, proceeding had been requested, but was not yet completed. However, upon receiving the transcript, he will "supplement this Writ." *Page 1