DECISION AND JUDGMENT ENTRY {¶ 1} This case arises from the extradition of David Persons by the Gallipolis Municipal Court to the state of West Virginia. Persons contends the trial court erred by detaining him for an amount of time in excess of thirty days in violation of R.C. 2963.13. Because the trial court ordered Persons held on a $100,000, 10% bond while it waited for West Virginia to initiate the extradition process, we conclude that the court effectively recommitted Persons for purposes of R.C. 2963.15. This recommittal permitted the court to hold Persons for an additional sixty days before extraditing him. *Page 2 
 {¶ 2} Persons also contends that the trial court abused its discretion by denying his oral motion to stay extradition pending his appeal. Because Persons did not seek a stay from this court after the trial court rejected his request, he has waived this issue.
 I. Facts {¶ 3} Persons was arrested in Gallia County on June 15, 2006, on an outstanding warrant from the State of West Virginia for attempted breaking and entering. The Gallipolis Municipal Court initially held Persons without bond. He made his first appearance before the court on June 16, 2006 as a fugitive from justice under R.C. 2963.11.
 {¶ 4} On July 12, 2006, the court found West Virginia had not yet initiated the extradition process and ordered Persons held on a $100,000, 10% bond. The court also indicated it would consider releasing Persons if Mason County, West Virginia failed to initiate extradition proceedings. The State of Ohio eventually received a Governor's Warrant and the court ordered Persons to be extradited after conducting a hearing on August 30, 2006. The court denied Person's oral motion to stay extradition pending his appeal. He did not seek a stay from this court.
 {¶ 5} Persons asserts the following assignment of error on appeal:
 THE COURT BELOW ERRED BY GRANTING THE EXTRADITION OF THE DEFENDANT TO THE STATE OF WEST VIRGINIA.
II. Detainment
 {¶ 6} Persons first contends that the trial court erred by detaining him for an amount of time in excess of thirty days in violation of the statute. R.C. *Page 3 2963.13 provides that a court may commit a defendant to a county jail "for such a time, not to exceed thirty days and specified in the warrant, as will enable the arrest of the accused to be made under a warrant of the governor on a requisition of the executive authority of the state having jurisdiction of the offense, unless the accused furnishes bail or until he is legally discharged."
 {¶ 7} R.C. 2963.15 adds, "[i]f the accused . . . is not arrested under warrant of the governor by the expiration of the time specified in the warrant or bond, a judge or magistrate may discharge him or may recommit him for a further period not to exceed sixty days, or a judge or magistrate may again take bail for his appearance and surrender, under said section, but within a period not to exceed sixty days after the date of such new bond."
 {¶ 8} Persons contends that the trial court violated R.C. 2963.13 by holding him from his initial appearance on June 16, 2006, until his extradition hearing on August 30, 2006, a period of 75 days. Persons argues that the prosecution did not make a motion for, and the court did not issue an order directing him to be recommitted for an additional period of sixty days in accordance with R.C. 2963.15.
 {¶ 9} However, the record indicates that on July 12, 2006, the trial court ordered Persons held on a $100,000, 10% bond while it waited for West Virginia to initiate the extradition process. We conclude that the court's action in issuing this bond recommitted Persons for purposes of R.C. 2963.15 by taking "bail for his appearance and surrender . . . within a period not to exceed sixty days after the date of such new bond." R.C. 2963.15. *Page 4 
 {¶ 10} Moreover, some Ohio courts have held that a trial court may "recommit" a defendant for the purposes of R.C. 2963.15 simply by "failing to make any other disposition." State v. Adkins (1992),80 Ohio App.3d 817, 820, 610 N.E.2d 1143, 1144-1145, citing State v. Haynes
(1982), 8 Ohio App.3d 119, 123, 456 N.E.2d 1279, 1283; In re Extraditionof Stiver (Dec. 6, 1989), Licking App. No. CA-3471, WL 154648; State v.Lawson (July 8, 1986), Miami App. No. 85-CA-45, 1986 WL 7771.
 {¶ 11} Accordingly, we overrule Persons' first contention.
 III. Stay of Execution {¶ 12} Persons also contends that the trial court abused its discretion by not granting his oral motion to stay the execution of the extradition pending his appeal. Persons does not cite to any authority in support of this contention, but argues in light of the fact that it took West Virginia 75 days to effectuate the extradition, "it seemed more than reasonable for the court to afford [him] a brief stay of execution in which to seek appellate relief."
 {¶ 13} An abuse of discretion is more than a mere error of judgment; it implies that the court's attitude is arbitrary, unreasonable or unconscionable. Masters v. Masters (1994), 69 Ohio St.3d 83, 85,630 N.E.2d 665. When applying this standard, an appellate court may not substitute its judgment for that of the trial court. In re Jane DoeI (1991), 57 Ohio St.3d 135, 137-138, 566 N.E.2d 1181, citing Berk v.Matthews (1990), 53 Ohio St.3d 161, 169, 559 N.E.2d 1301. *Page 5 
 {¶ 14} Persons argues that the stay should have been granted because the court held him beyond the statutory time limits. However, we concluded the trial court did not err in holding Persons for 75 days before extraditing him. Moreover, Persons did not seek a stay from this court after the trial court denied his request. In light of his failure to seek appellate relief initially and the fact that he has already been transported to West Virginia, we deem this issue waived. Accordingly, we overrule Persons' second contention.
 JUDGMENT AFFIRMED. *Page 6 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Gallipolis Municipal Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 McFarland, P.J. Abele, J.: Concur in Judgment and Opinion. *Page 1