[Cite as *State v. Philpotts*, 2023-Ohio-213.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

STATE OF OHIO,                         :

    Plaintiff-Appellee,            :

                            No. 107374

    v.                              :

DELVONTE PHILPOTTS,                    :

    Defendant-Appellant.           :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED AND REMANDED
**RELEASED AND JOURNALIZED:** January 26, 2023

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-17-619945-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Kevin R. Filiatraut, Assistant Prosecuting Attorney, *for appellee*.

Cullen Sweeney, Cuyahoga County Public Defender, Robert B. McCaleb, Assistant Public Defender, *for appellant*.

MICHELLE J. SHEEHAN, J.:

{¶ 1} This appeal presents a highly unique procedural circumstance. During the pendency of the appeal, the United States Supreme Court changed the burden

of proof and standard of review when evaluating the constitutionality of a statute regulating firearms. Because of the change in the law, we vacate the trial court's decision and remand this case for the trial court to apply the new standards as set forth in *New York State Rifle & Pistol Assn. v. Bruen*, 597 U.S.___, 142 S.Ct. 2111, 213 L.Ed.2d 387 (2022).

{¶ 2} By way of background, appellant Delvonte Philpotts had filed a motion to dismiss his indictment for having weapons while under disability in violation of R.C. 2923.13(A)(2), claiming the statute's automatic criminalization of possession of firearms by one who is under indictment violates the Second Amendment to the United States Constitution. The trial court held a hearing on the constitutionality of R.C. 2923.13(A)(2) and upheld the statute as constitutional. Philpotts appealed the trial court's order.

{¶ 3} On July 18, 2019, this court issued an opinion in *State v. Philpotts*, 2019-Ohio-2911, 132 N.E.3d 743 (8th Dist.), in which we affirmed the trial court's decision finding R.C. 2923.13(A)(2) constitutional. On November 12, 2019, the Supreme Court of Ohio accepted discretionary review of the case. During the pendency of the appeal, on June 23, 2022, the United States Supreme Court decided *Bruen*. On December 9, 2022, the Supreme Court of Ohio vacated this court's decision and remanded the cause to this court "for reconsideration in light of" *Bruen*.

{¶ 4} Prior to *Bruen*, a defendant challenging the constitutionality of a firearms statute bore the burden of proof. Further, in determining the

constitutionality of such statutes, courts employed balancing tests. *See Bruen*, 142 S.Ct. 2111, at 2129-30. This case was briefed and analyzed in the trial court based on the standards of law in effect before *Bruen*. However, *Bruen* shifts the burden of proof and alters the court's standard of review for determining the constitutionality of firearm-regulating statutes such as R.C. 2923.13. The state now bears the burden of proof and is required to "justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Id*. at 2130. Further, *Bruen* changed the court's standard of review by eliminating the application of any "means-end test such as strict or intermediate scrutiny" in its review. *Id*. at 2129.

{¶ 5} Upon reconsideration, we are cognizant that the parties developed a record based upon their respective burdens of proof and the trial court considered the record and arguments and employed a different standard of review than what is now required pursuant to *Bruen*. Therefore, we vacate the judgment of the trial court and remand this case to the trial court so that the parties may develop the relevant record and the trial court can apply the correct burden of proof and standard of review as set forth in *Bruen*.

{¶ 6} Judgment vacated, and cause remanded to the trial court for rehearing.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
MICHELLE J. SHEEHAN, JUDGE

MARY EILEEN KILBANE, P.J., and
EILEEN A. GALLAGHER, J., CONCUR