[Cite as *State v. Jackson*, 2023-Ohio-2063.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                    :

    Plaintiff-Appellee,      :

                            No. 112020

    v.                        :

ADOLPH JACKSON,                   :

    Defendant-Appellant.     :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** June 22, 2023

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-21-662475-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, Tasha L. Forchione and Joseph Lucchesi, Assistant Prosecuting Attorneys, *for appellee.*

Cullen Sweeney, Cuyahoga County Public Defender, and Robert B. McCaleb, Assistant Public Defender, *for appellant*.

SEAN C. GALLAGHER, J.:

{¶ 1} Adolph Jackson challenges the constitutional validity of his conviction for transporting or having a concealed and loaded handgun in the

passenger compartment of his motor vehicle. Jackson's argument is premised on the restriction imposed by R.C. 2923.16(B), which does not apply to any Ohioan who validly possesses a concealed handgun license. R.C. 2923.16(F)(5). Because Jackson has not framed his argument within the context of Ohio's concealed weapon licensing scheme, there is no relief that can be offered. The conviction is affirmed.

{¶ 2} The day following the July 4th holiday in 2020, Jackson and others were partying on Lakeside Avenue in Cleveland. The group, including Jackson, were sharing an open container of tequila while sitting in his vehicle, and at least one male was seen with a firearm. Agents of the Ohio Department of Public Safety witnessed the illegal activity and reported it to Cleveland police officers. The agents believed the group suspected the agents' presence. As the officers pulled around for a better view, the group began to pull away in different directions in various vehicles. Jackson's red Honda, with the occupants who were seen consuming alcohol from an open container and who were believed to have a firearm, was followed.

{¶ 3} Cleveland police officers initiated a stop for the open container violation. Jackson was driving. When they approached the vehicle, the open tequila bottle was in plain view. Jackson, after being removed from the vehicle, admitted to officers that there were weapons in the vehicle and directed them where to find them. Because of the possession of firearms, the vehicle was searched, and a loaded 9 mm Glock 19 handgun, with an extended magazine, and a Smith and Wesson .40-caliber handgun were recovered. The Glock was under the driver's seat, and the Smith and Wesson was recovered from the back pocket of the driver's seat. Jackson

was indicted for carrying a concealed weapon in violation of R.C. 2923.12(A)(2), a felony of the fourth degree, and improperly handling firearms in a motor vehicle in violation of R.C. 2923.16(B), also a felony of the fourth degree. Each charge pertained to one of the weapons, although it is unclear which weapon corresponded with which count. Both counts included forfeiture specifications identifying both weapons.

{¶ 4} Jackson filed a motion to suppress the fruits of the search and a motion to dismiss the indictment, in which he claimed that possessing a firearm in a vehicle is a constitutionally protected activity under the then newly released decision *New York State Rifle & Pistol Assn., Inc. v. Bruen*, 597 U. S. \_\_\_\_, 142 S.Ct. 2111, 213 L.Ed.2d 387 (2022). Jackson cited the Stagecoach Act of 1788, law from the Parliament of Great Britain, and the 1939 western film "Stagecoach" as historical references for arming individuals inside vehicles. Both motions were denied.

{¶ 5} Before the suppression hearing, the state offered a plea deal, wherein Jackson would plead guilty to one count of attempted improper handling, along with forfeiture of the weapons. That offer was contingent on pleading guilty before the suppression hearing. Jackson rejected the offer. The trial court found that probable cause to stop the vehicle existed based on the third-degree misdemeanor open liquor and consuming alcohol in a car violations and that the search was conducted for the officers' safety. Jackson pleaded no contest to both counts as stated in the indictment. The trial court found him guilty and sentenced him to a two-year term of community control on each count. This timely appeal followed.

**{¶ 6}** In the sole assignment of error, Jackson challenges his conviction for improperly handling firearms in a motor vehicle, claiming that R.C. 2923.16(B) violates Jackson's constitutional right under the Second Amendment. Jackson's assignment of error does not include arguments pertaining to the carrying a concealed weapon conviction; he only cites R.C. 2923.16(B) as being constitutionally questionable. The carrying a concealed weapon conviction, even though the crime was committed in a motor vehicle, stands as final.

**{¶ 7}** R.C. 2923.16 provides in pertinent part that "[n]o person shall knowingly transport or have a loaded firearm in a motor vehicle in such a manner that the firearm is accessible to the operator or any passenger without leaving the vehicle." R.C. 2923.16(B). According to Jackson, and in addition to the historical perspective from his motion to dismiss, the "plain holdings of [*Dist. of Columbia v. Heller*, 554 U.S. 570, 603, 128 S.Ct. 2783, 171 L.Ed.2d 637 (2008)], [*McDonald v. Chicago*, 561 U.S. 742, 750, 130 S.Ct. 3020, 177 L.Ed.2d 894 (2010),] and *Bruen* make it clear that the Second Amendment protects a fundamental right to bear arms outside the home, including in a car."

**{¶ 8}** Jackson focuses on *Bruen*. That is arguably for good reason. Before *Bruen*, a defendant challenging the constitutionality of a firearms statute bore the burden of proof using balancing tests. *State v. Philpotts*, 8th Dist. Cuyahoga No. 107374, 2023-Ohio-213, ¶ 4, citing *Bruen*, 142 S.Ct. 2111, at 2129-2130, 213 L.Ed.2d 387. *Bruen* "shifts the burden of proof and alters the court's standard of review for determining the constitutionality of firearm-regulating statutes such as

R.C. 2923.13." *Id.* Under the newer standard, the state "bears the burden of proof and is required to 'justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation.'" *Id.*, citing *Bruen*. In other words, "government must affirmatively prove that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." *Bruen* at 2127. "To carry its burden, the [g]overnment must point to 'historical precedent from before, during, and even after the founding [that] evinces a comparable tradition of regulation.'" *United States v. Rahimi*, 61 F.4th 443, 454 (5th Cir.2023). Courts, however, are not "obliged to sift the historical materials for evidence to sustain" state statutes limiting the right to carry firearms. *Id.* That burden falls on the parties presenting the argument.

{¶ 9} *Bruen* "clarified that the right to bear arms in public was still 'subject to certain reasonable, well-defined restrictions,' such as those limiting 'the intent for which one could carry arms, *the manner by which one carried arms*, or the exceptional circumstances under which one could carry arms.'" (Emphasis added.) *In re Terry*, 11th Cir. No. 22-13615-C, 2022 U.S. App. LEXIS 31448, 4 (Nov. 14, 2022), citing *Bruen* at 2156. "Justice Alito also stated that *Bruen* does not 'disturb anything . . . in *Heller* or *McDonald* . . . about restrictions that may be imposed on the possession or carrying of guns.'" *Id.*, citing *Bruen* at 2157 (Alito, J., concurring) and 2162 (Kavanaugh, J., concurring). Justice Kavanaugh further expanded the discussion: "the Court's decision does not prohibit States from imposing licensing requirements for carrying a handgun for self-defense. In particular, the Court's

decision does not affect the existing licensing regimes—known as "shall-issue" regimes—that are employed in 43 States [including Ohio]." *Bruen* impacted "the [six] States" with permissive issue restrictions, but nothing within *Bruen* precluded those six states from "requir[ing] licenses for carrying handguns for self-defense" based on "objective licensing requirements like those used by the 43 shall-issue States[, including Ohio]." *Bruen* at 2162 (Kavanaugh, J., concurring). In Justice Kavanaugh's view, the Court's opinion in *Bruen* does not prohibit states from "requir[ing] a license applicant to undergo fingerprinting, a background check, a mental health records check, and training in firearms handling and in laws regarding the use of force, among other possible requirements" before a citizen may be licensed to carry and conceal loaded firearms outside of the home. *Bruen* does not impact all concealed weapons laws.

{¶ 10} R.C. 2923.16(B)'s prohibition against handling loaded, concealed handguns in motor vehicles falls under Ohio's broader concealed weapons law. That division provides that "[n]o person shall knowingly transport or have a loaded firearm in a motor vehicle in such a manner that the firearm is accessible to the operator or any passenger without leaving the vehicle." However, under R.C. 2923.16(F)(5), division (B) does "not apply to a person who transports or possesses a handgun in a motor vehicle if" that person "has been issued a concealed handgun license that is valid at the time." The firearms in this case are both handguns, so there is no need to discuss division (B) as it pertains to other kinds of firearms, such

as rifles or shotguns. That discussion would be largely outside the scope of this appeal.

{¶ 11} Jackson repeatedly highlights the fact that he is facially challenging R.C. 2923.16(B). "Facial challenges present a higher hurdle than as-applied challenges because, in general, for a statute to be facially unconstitutional, it must be unconstitutional in all applications." *State v. Romage*, 138 Ohio St.3d 390, 2014-Ohio-783, 7 N.E.3d 1156, ¶ 7, citing *Oliver v. Cleveland Indians Baseball Co. Ltd. Partnership*, 123 Ohio St.3d 278, 2009-Ohio-5030, 915 N.E.2d 1205, ¶ 13. According to Jackson, "R.C. 2923.16(B)'s ban is unconstitutional *in all applications* because it deprives all Ohioans of the unimpeded right to bear arms for defensive purposes while traveling in an automobile." (Emphasis added.) But that is not an accurate statement of law. The foundation of Jackson's argument is fundamentally flawed.

{¶ 12} Jackson has not included R.C. 2923.16(F)(5) in his discussion regarding the constitutional validity of division (B) of that section. Under Ohio law, at least at the time of these events, no Ohioan could carry or transport a concealed, loaded handgun without first obtaining a concealed handgun license, whether that person was outside of the home or in a motor vehicle. *See* R.C. 2923.12(A)(2); 2923.16(B). R.C. 2923.16(F)(5) provides an exception to the prohibition against transporting or having a loaded handgun in a motor vehicle.

{¶ 13} A violation of R.C. 2923.16 at the time of the underlying events and for the conduct for which Jackson was convicted could only occur if the offender

lacked a valid concealed handgun license, which would permit the person to conceal a loaded handgun in the passenger compartment of a motor vehicle. R.C. 2923.16(F)(5). Thus, R.C. 2923.16(B) in particular is not a wholesale preclusion against handling loaded firearms within motor vehicles for all Ohioans; it merely provides a licensing requirement before such activity can be conducted with respect to handguns. In other words, R.C. 2923.16(B) criminalizes that limited conduct for a class of persons, those who did not possess valid concealed handgun licenses at the time of the R.C. 2923.16(B) offense. And that is unlike more restrictive laws in other states that attempted to completely preclude concealed weapons license holders from transporting any loaded firearms in vehicles. *See, e.g., Koons v. Reynolds*, D.N.J. No. 22-7464, 2023 U.S. Dist. LEXIS 3293, 56 (Jan. 9, 2023) (plaintiffs demonstrate the potential merit to an argument that requiring conceal-carry permit holders to transport unloaded firearms in motor vehicles is unconstitutional). Jackson ignored this distinction in his appellate briefing and did not challenge the constitutional validity of his conviction for carrying a concealed weapon in violation of R.C. 2923.12(A)(2) or that of Ohio's shall-issue licensing requirements for carrying concealed weapons outside of the home.

{¶ 14} Under his theory, the state may restrict the carrying or having a concealed handgun outside of the home in general, which applies to persons within motor vehicles as aptly demonstrated by this case, but it would be unconstitutional to restrict that same conduct while in a motor vehicle under R.C. 2923.16(B). Jackson asks this court to entertain an argument, the resolution of which would

create a paradox: that Ohio's concealed handgun licensing system, then in effect, restricts Ohioans from carrying or having concealed handguns anywhere outside of the home as a valid limitation on the Second Amendment, without first obtaining a license, but that the more specific crime of improper handling of a firearm in a motor vehicle is an unconstitutional restriction on the same right. An answer to that question, as posed by Jackson, is unnecessary.

{¶ 15} The question is not whether R.C. 2923.16(B) infringes on the rights guaranteed under the Second Amendment, but whether the state's requirement to obtain a concealed handgun license to engage in the type of conduct Jackson pursued impermissibly infringed on his constitutional rights. R.C. 2923.16(F)(5) authorizes the possession of a handgun in a motor vehicle if the person is properly licensed, so the question is whether the state's requirement of obtaining the license is an unconstitutional restriction to handling a handgun in a motor vehicle. Jackson has not discussed the implications of subdivision (F)(5).

{¶ 16} It must be emphasized that Jackson was convicted of possessing handguns in this case, not rifles or shotguns that can be transported in a motor vehicle under certain conditions, all of which require the rifle or shotgun to be unloaded and visible (unless only accessible after exiting the vehicle). R.C. 2923.16(C). Had Jackson been cited for possession of a rifle or shotgun, then he could potentially challenge the improper handling violation on constitutional grounds without reference to Ohio's concealed handgun licensing laws because the license would not impact the analysis. Jackson does not have standing to challenge

R.C. 2923.16(B) as it pertains to rifles or shotguns, however, because that aspect of the statute was not implicated under the facts presented: Jackson was charged with possession of handguns.

{¶ 17} If the improper handling charge is invalidated under Jackson's analysis, the concealed handgun licensing laws are not impacted. As will be discussed in further detail, *Bruen* essentially concluded that states can mandate concealed weapons licensing laws, if they fit the "shall issue" mold like Ohio's version in effect at the time the crime was committed. If we grant Jackson relief, that hypothetical decision would stand for the proposition that it is unconstitutional to preclude transportation or possession of a loaded handgun in a motor vehicle, but any requirement to obtain a license to conceal a loaded handgun outside the home in general, which necessarily includes carrying or having that weapon to, from, or in the motor vehicle, is presumptively valid.

{¶ 18} In light of the quandary presented by Jackson's challenge of the improper handling of the firearm while leaving his conviction for carrying a concealed weapon to become final, additional briefing was sought, asking: Does Ohio's concealed weapons licensing laws, specifically R.C. 2923.16(F)(5) that authorizes concealed handguns license holders to engage in the conduct generally precluded under R.C. 2923.16(B), impact the constitutional validity of R.C. 2923.16(B) under *New York State Rifle & Pistol Assn., Inc. v. Bruen*, 597 U.S. ___, 142 S.Ct. 2111, 213 L.Ed.2d 387 (2022).

{¶ 19} Jackson argues that R.C. 2923.16(F)(5) does not impact the validity of R.C. 2923.16(B), but only because Ohio's concealed handgun licensing laws are themselves unconstitutional because of the overly broad restrictions to obtaining the license. Again, Jackson makes no mention of his carrying a concealed weapon conviction or the impact R.C. 2923.16(F)(5) has on division (B) of that section. Jackson has waived any argument challenging the constitutional validity of Ohio's concealed handgun licensing laws (as they existed at the time of his conviction); he cannot raise the argument for the first time in an appeal, much less upon the prompting of this court asking to clarify whether his arguments are impacted by his failure to discuss R.C. 2923.16(F)(5). *State v. Awan*, 22 Ohio St.3d 120, 122, 489 N.E.2d 277 (1986), quoting *State v. Childs*, 14 Ohio St.2d 56, 62, 236 N.E.2d 545 (1968) ("Constitutional rights may be lost as finally as any others by a failure to assert them at the proper time.").

{¶ 20} Our request for supplemental briefing was not an invitation to raise the new constitutional argument but merely asked whether the constitutional validity of R.C. 2923.16(B) depended on the exception codified under subdivision (F)(5). In light of Jackson's argument, it is presumed that the concealed handgun licensing laws *do* impact the arguments he raised challenging the constitutional validity of R.C. 2923.16(B); otherwise, there was no need to challenge the constitutional validity of the concealed handgun licensing structure within the supplemental briefing.

{¶ 21} Ohio's concealed handgun licensing scheme, according to Jackson, is unconstitutional because it precludes people under the age of 21, people who are under indictment for a felony offense, certain offenders convicted of any drug offenses, people committed to mental institutions, nonresidents, people who do not work in Ohio or people who were discharged from the United States armed forces under dishonorable conditions from obtaining a license to carry a concealed handgun.[1]  R.C. 2923.125(D).  None of those restrictions have been shown to apply to Jackson.

{¶ 22} Even if Jackson had not waived the constitutional arguments as applied to the carrying concealed weapons charge, he lacks standing to challenge the limitations to obtaining a concealed handgun license that he cites as being unconstitutionally broad.  A "'plaintiff who challenges a statute must demonstrate a realistic danger of sustaining a direct injury as a result of the statute's operation or enforcement.'"  *NRA of Am., Inc. v. McCraw*, 719 F.3d 338, 345 (5th Cir.2013), quoting *Babbitt v. United Farm Workers Natl. Union*, 442 U.S. 289, 298, 99 S.Ct. 2301, 60 L.Ed.2d 895 (1979).  Each of the above-mentioned restrictions to obtaining

---

[1] Jackson claims that a member of the armed forces who was discharged based solely on 10 U.S.C. 654 is precluded from obtaining a concealed handgun license in Ohio because the military characterized their service as "dishonorable" upon discharge. Jackson's reliance on news articles to demonstrate this point is misplaced.  It suffices that members of the military who were separated from active duty solely based on the now-repealed 10 U.S.C. 654 were not required to be discharged under dishonorable conditions. *See, e.g., Witt v. Dept. of the Air Force*, 527 F.3d 806, 810 (9th Cir.2008) (noting the service member was honorably discharged based on application of 10 U.S.C. 654).  The Don't Ask Don't Tell policy has no bearing on Ohio's concealed handgun licensing law and does not share the hallmarks of inequality borne by the now-repealed 10 U.S.C. 654.

a concealed handgun license is narrowly tailored. In order to challenge the restrictions to obtaining a license, Jackson must have been first impacted by the restrictions he cites as being unconstitutional restrictions on the right to obtain a concealed handgun license in Ohio. According to his arguments, he was not. Jackson has not identified any place in the record indicating that he attempted to obtain a concealed handgun license and was denied the ability to obtain the then-required license.[2]

{¶ 23} Without a valid concealed handgun license, Jackson was not lawfully acting. *See* R.C. 2923.16(B) and (F)(5). He did not possess the required certification that would have legitimized his conduct of improperly transporting or having a loaded handgun in a motor vehicle. We cannot consider R.C. 2923.16(B) in isolation and without considering the impact of Ohio's concealed handgun licensing laws on that division as enacted through subdivision (F)(5). Thus, the pertinent question is whether Ohio's shall-issue concealed handgun licensing law is an unconstitutional restriction on the Second Amendment as applied to persons carrying concealed

---

[2] The state suggests that Jackson was previously convicted of improper handling of a firearm in a motor vehicle in Cuyahoga C.P. No. CR-18-625498, which precluded Jackson from obtaining a valid concealed handgun license at the time of his offense. Jackson does not, nor has he ever, challenged that particular restriction to obtaining a concealed handgun license as being unconstitutionally over broad. That is probably for good reason. As the state concisely, but aptly, concludes, it is notable that "six Justices explained that certain firearms regulations, including prohibitions on the possession of firearms by felons, are constitutional." *See Bruen,* 142 S.Ct. at 2157 (Alito, J., concurring); *Id.* at 2162 (Kavanaugh, J., joined by Roberts, C.J., concurring); *id.* at 2189 (Breyer, J., joined by Sotomayor and Kagan, JJ., dissenting); *see also New York State Rifle & Pistol Assn. v. City of New York*, 140 S.Ct. 1525, 1540-1541 (2020) (Alito, J., joined by Thomas and Gorsuch, JJ., dissenting).

handguns in motor vehicles. Until the supplemental briefing, that was not a question this court was asked to resolve.

{¶ 24} Because Jackson's entire argument is premised on the wrong foundation, the burden never shifted to the state to demonstrate the historical significance of the purported limitation, codified in R.C. 2923.16(B)-(F)(5), to the Second Amendment right as described in *Bruen*. Jackson's argument takes an isolated statutory division out of context of the broader laws surrounding Ohio's concealed handgun licensing system. This ignores the rest of the statutory scheme in an apparent effort to avoid the implications of his decision to engage in illegal conduct. Because R.C. 2923.16(F)(5) provides an exception to enforcement of division (B), and because we must presume the constitutional validity of the licensing requirement based on the arguments presented, Jackson has failed to demonstrate error.

{¶ 25} Jackson's convictions are affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, JUDGE

EILEEN A. GALLAGHER, P.J., and
EMANUELLA D. GROVES, J., CONCUR