[Cite as *State v. Parker*, 2023-Ohio-2127.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellant | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 23CA00009 |
| | : | |
| RAVEN PARKER | : | |
| | : | |
| | : | |
| Defendant-Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Licking County Court of Common Pleas, Case No. 22 CR 317

JUDGMENT:      AFFIRMED

DATE OF JUDGMENT ENTRY:      June 26, 2023

APPEARANCES:

For Plaintiff-Appellant:

JENNY WELLS
LICKING CO. PROSECUTOR
MICHAEL D. SWARTZ
20 S. Second St., 4th Floor
Newark, OH 43055

For Defendant-Appellee:

PRIYA TAMILARASAN
175 S. Third St., Ste. 200
Columbus, OH 43215

*Delaney, J.*

{¶1} Appellant state of Ohio appeals from the January 27, 2023 Decision and Entry Granting Defendant's Motion to Dismiss of appellee Raven Parker.

**FACTS AND PROCEDURAL HISTORY**

{¶2}  The following facts are adduced from appellant's bill of particulars filed June 9, 2022.

{¶3} This case arose on May 3, 2022, when Officers DeJesus and Breuninger of the Pataskala Police Department traffic-stopped a vehicle driven by appellee, the sole occupant. Officers observed the vehicle had one functioning headlight and the license plate was resting in the back window.  Dispatch advised the officers that appellee had an active warrant "for possession" from Portage County.

{¶4} Appellee consented to a search of her vehicle and officers found a loaded handgun in the passenger glove compartment.

{¶5} On May 12, 2023, appellee was charged by indictment with one count of having weapons while under disability pursuant to R.C. 2923.13(A)(1), a felony of the third degree [Count I] and one count of improperly handling firearms in a motor vehicle pursuant to R.C. 2923.16(B), a felony of the fourth degree [Count II].  The indictment also contains a firearm forfeiture specification pursuant to R.C. 2981.02(A)(1)(C) and R.C. 2941.1417(A).

{¶6}  Appellee entered pleas of not guilty.

{¶7} On November 30, 2022, appellee filed a motion to dismiss, arguing that pursuant to *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S.Ct.2111, 2126, 213 L.Ed.2d 387 (2022), "her conduct was constitutionally protected and R.C.

2923.13(A)(1) and R.C. 2923.16(B) are an unjust infringement of those protections as they are inconsistent with the text and historical understanding of the Second Amendment." Motion to dismiss, 2.

{¶8} On November 30, 2022, the trial court journalized a "Scheduling Order and Hearing Notice," noting that a change-of-plea and sentencing hearing formerly scheduled for November 30, 2022 was canceled; appellant was ordered to respond to appellee's motion to dismiss on or before December 14, 2022, and appellee was ordered to reply on or before December 28, 2022. The order further notes that "**a Non-Oral Hearing on the Defendant's Motion to Dismiss is scheduled for <u>December 30, 2022 at 4:30 p.m.</u>**" (Emphasis in original).

{¶9} Appellant asked for an extension of time to respond to appellee's motion to dismiss and the trial court extended appellant's response deadline to December 28, 2022.

{¶10} Appellant filed a memorandum in opposition on December 29, 2022, arguing appellee was constitutionally prevented from possessing a firearm while a fugitive from justice. Memorandum, 5. The memorandum asserts appellee "had an active warrant for drug possession, and she admitted knowing she was a fugitive from justice." *Id.* at 7.

{¶11} On January 11, 2023, appellee replied to appellant's memorandum in opposition.

{¶12} On January 27, 2023, the trial court journalized its Decision and Entry Granting Defendant's Motion to Dismiss, finding that Count I is predicated upon appellee being a " 'fugitive from justice' based on the fact that a warrant was issued for her arrest

by another county." Decision, 3. The trial court noted appellant could not provide a case similar to the circumstances here, in which the accused is not a convicted felon:

> * * * *. The Defendant here is charged with Having a Weapon While Under Disability and Improperly Handling a Firearm in a Motor Vehicle. Her status as a "fugitive from justice" is based on the existence of a warrant out of Portage County. The State has offered nothing in terms of why the warrant was issued; when it was issued; or in connection with what charge.

> The State has relied on several decisions that have concluded convicted felons are appropriately disqualified from having weapons. However, it has failed to present any case adequately addressing those who are simply alleged to have committed a crime or have a warrant. * * * *.

> * * * *. Because it is the State's burden to demonstrate that laws like R.C. 2923.13(A)(1) and R.C. 2923.16(B) were part of the historical tradition of the Second Amendment, that failure is fatal particularly in a case like this, where there is nothing in the record to support the conclusion that [appellee] is a dangerous person merely because a court issued a warrant for her arrest; or that she was a particular danger because of her proximity to the weapon in her vehicle.

> * * * *.

{¶13} The trial court thereupon granted appellee's motion to dismiss Counts I and II.

{¶14} Appellant now appeals from the trial court's judgment entry of January 27, 2023.

{¶15} Appellant raises one assignment of error:

**ASSIGNMENT OF ERROR**

{¶16} "THE TRIAL COURT ERRED BY DETERMINING THAT ALL FUGITIVES ARE 'LAW ABIDING CITIZENS' ENTITLED TO POSSESS FIREARMS ON THEIR PERSON AND WITHIN MOTOR VEHICLES, RULING R.C. 2923.13(A)(1) AND R.C. 2923.16(B) UNCONSTITUTIONAL AS APPLIED TO FUGITIVES."

**ANALYSIS**

{¶17} In its sole assignment of error, appellant argues the trial court erred in granting appellee's motion to dismiss. We disagree.

{¶18} Crim.R. 12 empowers trial courts to rule on "any defense, objection, evidentiary issue, or request that is capable of determination without the trial of the general issue." Crim.R. 12(C). In conducting this pretrial review, courts may look to "evidence beyond the face of the indictment." *State v. Brady,* 119 Ohio St.3d 375, 2008-Ohio-4493, 894 N.E.2d 671, at ¶ 18. However, a Crim.R. 12 ruling may not decide "what would be the general issue at trial." *Id.*

{¶19} Under Crim.R. 12(C)(2), trial courts may judge before trial whether an indictment is defective. *State v. Palmer*, 131 Ohio St.3d 278, 2012-Ohio-580, 964 N.E.2d 406, ¶ 23. An indictment may be defective if it alleges violations of a statute by a person who is not subject to that statute and there is no set of circumstances under which such

a person can violate the law's requirements. See, *Palmer, id.* Therefore, dismissal is appropriate. *Id.*

{¶20} This Court reviews a trial court's decision granting a defendant's motion to dismiss based upon a constitutional challenge to the statute de novo. *State v. Baum*, 5th Dist. No. 2020CA00004, 2020-Ohio-5268, 162 N.E.3d 182, ¶ 12, internal citations omitted.

{¶21} Appellee was charged with one count of having weapons while under disability pursuant to R.C. 2923.13(A)(1), which states, "Unless relieved from disability under operation of law or legal process, no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if * * *[t]he person is a fugitive from justice." A "fugitive from justice" is a person who (1) is suspected of or has been convicted of a crime; (2) is sought by the jurisdiction so that he may be subjected to its criminal system and (3) has left the jurisdiction and is found within the boundaries of another. *State v. Hall*, 5th Dist. Stark No. 2004CA00174, 2005-Ohio-167, ¶ 14, citing *State v. Adkins*, 80 Ohio App.3d 817, 821, 610 N.E.2d 1143 (9th Dist.1992).[1]

{¶22} Appellee was also charged with one count of improper handling of firearms in a motor vehicle pursuant to R.C. 2923.16(B), which states, "No person shall knowingly transport or have a loaded firearm in a motor vehicle in such a manner that the firearm is accessible to the operator or any passenger without leaving the vehicle."

---

[1] The burden rests on the state to prove beyond a reasonable doubt that a defendant qualified as a fugitive from justice. *In re J.T.*, 2014-Ohio-5062, 21 N.E.3d 1136, ¶ 22, 24 (1st Dist.).

{¶23} Appellee moved to dismiss the indictment on the grounds that the charges are unconstitutional as applied to her pursuant to *New York State Rifle & Pistol Assn., Inc. v. Bruen*, 597 U.S. , 142 S.Ct. 2111, 213 L.Ed.2d 387 (2022). A party may challenge the constitutionality of a statute with either a facial challenge or an as-applied challenge. *Arbino v. Johnson & Johnson,* 116 Ohio St.3d 468, 2007-Ohio-6948, 880 N.E.2d 420, ¶ 26. A facial challenge asserts that there is no conceivable set of circumstances in which the statute would be valid. *Id.* An as-applied challenge, on the other hand, alleges that application of the statute in a particular factual context is unconstitutional. *Yajnik v. Akron Dept. of Health, Hous. Div.,* 101 Ohio St.3d 106, 2004-Ohio-357, 802 N.E.2d 632, ¶ 14, citing *Ada v. Guam Soc. of Obstetricians & Gynecologists,* 506 U.S. 1011, 113 S.Ct. 633, 121 L.Ed.2d 564 (1992) (Scalia, J., dissenting). A holding that a statute is unconstitutional as applied prevents future application of the statute in a similar context, but it does not render the statute wholly inoperative. *Yajnik* at ¶ 14, citing *Ada* (Scalia, J., dissenting).

{¶24} When a statute is challenged only as applied to the circumstances of the case, the defendant "contends that application of the statute in the particular context in which he has acted, or in which he proposes to act, [is] unconstitutional." *State v. Baum*, 5th Dist. No. 2020CA00004, 2020-Ohio-5268, 162 N.E.3d 182, ¶ 15, citing *State v. Lowe*, 112 Ohio St.3d 507, 2007-Ohio-606, 861 N.E.2d 512. An as-applied "challenge focuses on the particular application of the statute." *State v. Carrick*, 131 Ohio St.3d 340, 2012-Ohio-608, 965 N.E.2d 264.

{¶25} Appellee asserted the revised code sections are unconstitutional as applied to her. In *Bruen,* the United States Supreme Court held the following:

When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. To justify its regulation, the government may not simply posit that the regulation promotes an important interest. Rather, the government must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation. Only if a firearm regulation is consistent with this Nation's historical tradition may a court conclude that the individual's conduct falls outside the Second Amendment's "unqualified command." *Konigsberg v. State Bar of Cal.*, 366 U.S. 36, 50, n. 10, 81 S.Ct. 997, 6 L.Ed.2d 105 (1961).

*New York State Rifle & Pistol Assn., Inc. v. Bruen*, 213 L.Ed.2d 387, 142 S.Ct. 2111, 2125–26.

{¶26} The Second Amendment states, "A well-regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." In interpreting the Amendment, the Court notes "[t]he Constitution was written to be understood by the voters; its words and phrases were used in their normal and ordinary as distinguished from technical meaning." *D.C. v. Heller*, 554 U.S. 570, 576, 171 L.Ed.2d 637, 128 S.Ct. 2783, 2788, citing *United States v. Sprague,* 282 U.S. 716, 731, 51 S.Ct. 220, 75 L.Ed. 640 (1931); see also *Gibbons v. Ogden,* 9 Wheat. 1, 188, 6 L.Ed. 23 (1824). The trial court found, and we agree, the plain text of the Second Amendment covers appellee's conduct, to wit, having a firearm in the glove compartment of her vehicle.  Thus, the burden shifts to appellant to establish that R.C. 2923.13(A)(1) and

R.C. 2923.16(B), as applied to appellee, are "consistent with the Nation's historical tradition of firearm regulation." *Bruen*, supra.

{¶27} In a footnote in its decision granting appellee's motion to dismiss, the trial court wrote, "To say that Bruen dramatically changed Second Amendment litigation would be an understatement." Prior to *Bruen*, a defendant challenging the constitutionality of a firearms statute bore the burden of proof, and courts used balancing tests in determining the constitutionality of such statutes. *See Bruen*, 142 S.Ct. 2111, at 2129-30. *Bruen* shifts the burden of proof and alters the court's standard of review for determining the constitutionality of statutes regulating firearms. The state now bears the burden of proof and is required to "justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Id.* at 2130.

{¶28} In other words, the "government must affirmatively prove that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." *Bruen* at 2127. "To carry its burden, the [g]overnment must point to 'historical precedent from before, during, and even after the founding [that] evinces a comparable tradition of regulation.' " *United States v. Rahimi*, 61 F.4th 443, 454 (5th Cir.2023). Courts, however, are not "obliged to sift the historical materials for evidence to sustain" state statutes limiting the right to carry firearms. *Id.* That burden falls on the parties presenting the argument. *State v. Jackson*, 8th Dist. Cuyahoga No. 112020, 2023-Ohio-2063, ¶ 8.

{¶29} In the instant case, appellant argues appellee "failed to present any evidence * * * of a set of facts that makes the statute void as applied to them." Brief, 4. Pursuant to *Bruen*, however, it was *appellant's* burden to point to historical precedent

demonstrating the statutes are consistent with the Nation's historical tradition of firearms regulation as applied to appellee. *Id.,* 2130.

{¶30} Instead, before the trial court appellant argued a number of decisions holding convicted felons are disqualified from having weapons. On appeal, appellant cites *United States v. Kays*, in which a District Court found that statutes regulating possession of firearms by individuals subject to domestic protective orders and individuals under pending indictment were not facially unconstitutional because there is historical support in the surety laws for regulating firearms carried by persons likely to breach the peace. *United States v. Kays*, 624 F.Supp.3d 1262, 1265.

{¶31} *Kays* does not help us in the instant case, however, because neither category includes appellee. The trial court noted appellant presented no case authority or historical evidence addressing persons merely accused of committing a crime or having a warrant. Appellant does not offer factual, historical, or case authority support for his premise that appellee is not a "law-abiding citizen" such that she may be stripped of any degree of Second Amendment protection. Even appellant's cited case, *Kays,* cautions, "This Court declines to read into *Bruen* a qualification that Second Amendment rights belong only to individuals who have not been accused of violating any laws." *United States v. Kays*, 624 F.Supp.3d 1262, 1265.

{¶32} The most conspicuous omission is any context for appellant's insistence that appellee is not "an ordinary, law-abiding citizen." ["In *District of Columbia v. Heller*, 554 U.S. 570, 128 S.Ct. 2783, 171 L.Ed.2d 637 (2008), and *McDonald v. Chicago*, 561 U.S. 742, 130 S.Ct. 3020, 177 L.Ed.2d 894 (2010), we recognized that the Second and Fourteenth Amendments protect the right of an ordinary, law-abiding citizen to possess a

handgun in the home for self-defense." *Bruen*, 142 S.Ct. at 2122.] Appellant argues the Second Amendment protects the rights of "law-abiding, responsible citizens," claiming appellee is not one because of her alleged fugitive status, which should have been established at an evidentiary hearing. Appellant's Brief, 4-5. We fail to find historical support or case authority for appellant's position because appellee's status as a "fugitive from justice" is unclear.

{¶33} The statement of facts in support of the felony complaint states in pertinent part, "Dispatch advised the Officer that Parker had an active warrant for possession out of Portage County. Parker admitted she was aware of the warrant and consented to a search of her vehicle." This identical statement is repeated in appellant's bill of particulars filed June 9, 2022. We are left to ask what is "an active warrant for possession out of Portage County?" The trial court found, and we agree, that appellant did not establish that "an active warrant for possession out of Portage County" supports restrictions on appellee's Second Amendment rights such that the statutes as applied to her are consistent with the Nation's historical tradition of firearm regulation.

{¶34} We have no context or explanation for "an active warrant for possession out of Portage County." To the extent that appellant argues the trial court should have held an evidentiary hearing to factually establish appellee's fugitive status, we note appellant failed to object to the November 30, 2022 "Scheduling Order and Hearing Notice" of a non-oral hearing on appellee's motion to dismiss.

{¶35} Appellant did not object to the non-oral hearing, nor request an evidentiary hearing, nor respond to appellee's motion to dismiss with an explanation for the trial court, and for us, of "an active warrant for possession out of Portage County." Appellant did not

meet its burden of demonstrating the regulations at issue, as applied to appellee, are consistent with the Nation's historical tradition of firearm regulation.

{¶36} The instant case presents an as-applied constitutional challenge in very limited circumstances that are not well-developed factually, hobbled by the procedural default of no objection to the non-oral hearing. We therefore disagree with appellant's characterization of the trial court's decision as "all fugitives are 'law abiding citizens' entitled to possess firearms on their persons and in motor vehicles." The trial court's decision stops well short of that conclusion, as do we. Instead, we find the trial court did not err in concluding appellant failed to meet its new burden under *Bruen* and did not err in granting appellee's motion to dismiss.

{¶37} Appellant's sole assignment of error is overruled.

## CONCLUSION

{¶38} Appellant's sole assignment of error is overruled and the judgment of the Licking County Court of Common Pleas is affirmed.

By: Delaney, J.,

Hoffman, P.J. and

Baldwin, J., concur.