[Cite as *State v. Ball*, 2026-Ohio-2051.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                          :

      Plaintiff-Appellee,                      :               No. 24AP-662
                                    (C.P.C. No. 23CR-1706)

v.                                                          :

                                            (REGULAR CALENDAR)

William A. Ball,                                     :

      Defendant-Appellant.                   :

---

D E C I S I O N

Rendered on June 2, 2026

---

**On brief:** *Shayla D. Favor*, Prosecuting Attorney, and *Michael A. Walsh*, for appellee. **Argued:** *Michael A. Walsh*.

**On brief:** *Todd W. Barstow*, for appellant. **Argued:** *Todd W. Barstow*.

---

APPEAL from the Franklin County Court of Common Pleas

DINGUS, J.

{¶ 1} Defendant-appellant, William A. Ball, appeals from a judgment of the Franklin County Court of Common Pleas convicting him of having weapons while under disability and improperly handling firearms in a motor vehicle. For the following reasons, we affirm.

## I. Facts and Procedural History

{¶ 2} By indictment filed April 5, 2023, plaintiff-appellee, State of Ohio, charged Ball with one count of having weapons while under disability, in violation of R.C. 2923.13, and one count of improperly handing firearms in a motor vehicle, in violation of R.C. 2923.16. The indictment alleged that Ball, on November 27, 2022, did knowingly acquire, have, carry, or use a firearm or dangerous ordnance despite having been adjudicated a delinquent child, on August 13, 2010, for the commission of felonious assault,

in violation of R.C. 2903.11, an offense that, if committed by an adult, would have been a felony offense of violence. The indictment also alleged that Ball did knowingly transport or have a loaded firearm in a motor vehicle in such a manner that the firearm was accessible to the operator or any passenger without leaving the vehicle. Ball initially entered a plea of not guilty, and in October 2023, he moved to dismiss the charge of having weapons while under disability on the grounds that R.C. 2923.13(A)(2) is unconstitutional as applied to him. In August 2024, the trial court denied Ball's motion to dismiss. A month later, Ball pleaded no contest to the charges, and the trial court sentenced him to community control for one year for the offenses.

{¶ 3} Ball timely appeals.

## II. Assignment of Error

{¶ 4} Ball assigns the following sole assignment of error for our review:

> The trial court erred to the prejudice of appellant by denying his motion to dismiss.

## III. Discussion

{¶ 5} Ball's sole assignment of error alleges the trial court erred in denying his motion to dismiss. He argues that R.C. 2923.13(A)(2) is unconstitutional as applied to him because his conduct was protected under the Second Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment to the United States Constitution.[1]

{¶ 6} Because it is a question of law, this court reviews de novo the constitutionality of a statute. *Cleveland v. State*, 2019-Ohio-3820, ¶ 15. "A statute may be challenged as unconstitutional on the basis that it is invalid on its face or as applied to a particular set of facts." *State v. Lowe*, 2007-Ohio-606, ¶ 17. In an as-applied challenge, a party "need show only that the legislation is unconstitutional as applied to a specific set of facts." *State v. Hacker*, 2023-Ohio-2535, ¶ 11. In a facial challenge, the party must show "the law is unconstitutional in all instances." (Emphasis omitted.) *Id.* Thus, "if the law can be applied constitutionally in at least one instance, the [facial] challenge fails." *Id.* Generally, a party challenging a statute bears a heavy burden to overcome the presumption of constitutionality and must prove beyond a reasonable doubt that the statute is

---

[1] Ball does not challenge his conviction for improperly handling firearms in a motor vehicle.

unconstitutional. *Dayton v. State*, 2017-Ohio-6909, ¶ 12. For a statute regulating firearms, however, the state bears the burden of demonstrating the statute's constitutionality. *State v. Parker*, 2023-Ohio-2127, ¶ 27 (5th Dist.), citing *New York State Rifle & Pistol Assn., Inc. v. Bruen*, 597 U.S. 1, 24 (2022).

{¶ 7} Ball challenges his conviction for violating R.C. 2923.13(A)(2), which prohibits firearm possession by a person "under indictment for or has been convicted of any felony offense of violence or has been adjudicated a delinquent child for the commission of an offense that, if committed by an adult, would have been a felony offense of violence." This court recently addressed a Second Amendment as-applied constitutional challenge to R.C. 2923.13(A)(2) in *State v. Thompson*, 2026-Ohio-1725 (10th Dist.). In reviewing Appellant Damon Thompson's challenge, this court detailed the analytical framework for reviewing Second Amendment claims, including the development of the two-step framework under *Bruen* and *United States v. Rahimi*, 602 U.S. 680 (2024) (the "*Bruen/Rahimi* framework"). *Thompson* at ¶ 33-36. Under this framework, a reviewing court determines "(1) whether the plain text of the Second Amendment covers the act or course of conduct and (2) if it does, whether the government can demonstrate that the regulation is consistent with the principles that underpin the nation's historical tradition of firearm regulation." *Thompson* at ¶ 36.

{¶ 8} For the purpose of analyzing Thompson's Second Amendment challenge, this court assumed, without deciding, that Thompson's conduct—i.e., possessing a firearm in his home—was covered by the plain text of the Second Amendment, notwithstanding his prior juvenile delinquency adjudications. *Thompson* at ¶ 59. This court then applied step two of the *Bruen/Rahimi* framework to determine whether R.C. 2923.13(A)(2), as applied to Thompson, was consistent with the nation's history and tradition of firearm regulation. *Id.* In reviewing this issue, this court noted that "numerous courts have concluded that disarmament of dangerous individuals is consistent with the nation's history and tradition of firearm regulation," and this court expressly agreed with the Eighth District Court of Appeal's conclusion, in *State v. King*, 2024-Ohio-4585, ¶ 32 (8th Dist.), that disarming individuals who pose a threat to the physical safety of others is just as important for individuals who engaged in dangerous conduct while under 18 years old as adults who engaged in such conduct. *Thompson* at ¶ 62, 64. This court further noted that

"disarmament under R.C. 2923.13 is not necessarily permanent because Ohio law provides individuals with a method to petition for relief from a prohibition on possessing firearms." *Id.* at ¶ 68, citing R.C. 2923.14.

{¶ 9} In *Thompson*, nothing in the record indicated that Thompson had sought restoration of his right to possess a firearm under R.C. 2923.14. *Thompson* at ¶ 69. Additionally, "Thompson was adjudicated delinquent on multiple occasions for acts that would have constituted felony offenses of violence if committed by an adult." *Id.* at ¶ 68. "Thompson's juvenile delinquency adjudication for an act of robbery was issued when he was 13 years old and his juvenile delinquency adjudication for an act of aggravated robbery was issued when he was 14 years old. The discovery of a firearm in Thompson's home that led to the [having weapons while under disability charge] occurred when Thompson was 18 years old." *Id.* at ¶ 69. "Under these circumstances," this court could not "conclude that it is a violation of the Second Amendment to prohibit Thompson from possessing a firearm five years after his first juvenile delinquency adjudication for an act that would have constituted a violent felony offense if committed by an adult. . . . R.C. 2923.13(A)(2), as applied to Thompson, is consistent with the nation's history and tradition of firearm regulations and does not violate the Second Amendment." *Id.* at ¶ 69-70.

{¶ 10} We find *Thompson* controlling in this appeal. As in *Thompson*, we assume, without deciding, that the plain text of the Second Amendment covers the act or course of conduct subject to state regulation. Thus, at issue, pursuant to the *Bruen*/*Rahimi* framework, is whether R.C. 2923.13(A)(2), as applied to Ball, is consistent with the principles that underpin the nation's historical tradition of firearm regulation. In August 2010, Ball, who was born in June 1997, was adjudicated delinquent for committing felonious assault in November 2009, in violation of R.C. 2903.11, a felony offense of violence if committed by an adult. In November 2022, Ball was found in possession of a firearm under his seat in the vehicle that he was driving. Thus, as in *Thompson*, Ball was adjudicated delinquent based on conduct that would have been a felony offense of violence if committed by an adult, and he was later convicted under R.C. 2923.13(A)(2) based on that delinquency. And as in *Thompson*, there is no indication that Ball has sought restoration of his right to possess a firearm under R.C. 2923.14. Although a greater number of years transpired between Ball's conduct resulting in his delinquency adjudication and

his firearm possession than occurred in *Thompson* (approximately 13 years versus approximately 4 and 5 years), this difference does not alter our conclusion regarding the constitutionality of R.C. 2923.13(A)(2) as applied. The mere passage of time from an individual's violent conduct does not, by itself, demonstrate the mitigation of an individual's dangerousness. Therefore, pursuant to *Thompson*, we conclude that R.C. 2923.13(A)(2), as applied to Ball, is consistent with the nation's history and tradition of firearm regulation and does not violate the Second Amendment. Consequently, we further conclude that the trial court did not err in denying Ball's motion to dismiss the having weapons while under disability charge.

{¶ 11} Accordingly, we overrule Ball's sole assignment of error.

## IV. Disposition

{¶ 12} Having overruled Ball's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BOGGS, P.J., and JAMISON, J., concur.

───────────────